[Crim. No. 23617. First Dist., Div. One. June 15, 1982.]

In re FRED L. THOMAS on Habeas Corpus.

**COUNSEL**

Benjamin R. Winslow, under appointment by the Court of Appeal, for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney Gen-

eral, Gloria F. DeHart and Laurence K. Sullivan, Deputy Attorneys General, for Respondent.

## OPINION

**GOFF, J.*—**Fred L. Thomas' petition for habeas corpus asserts that the superior court incorrectly computed the number of days to be credited against his sentence for time he was in custody prior to being sentenced.

Thomas was arrested June 27, 1978. He has been in custody since that date. On March 13, 1979, 259 days later, he was sentenced to 8 years and 4 months in state prison. Fifteen days later, on March 28, he was delivered to the Department of Corrections to serve his sentence. The sentencing court is required to compute the number of days served prior to sentence and to enter it in the abstract of judgment. (Pen. Code, § 2900.5, subd. (d).) The agency to which the prisoner is committed shall apply the credit for the period between sentence and delivery. (Pen. Code, § 2900.5, subd. (e).) In Mr. Thomas' case, the Department of Corrections has indicated 273 days from the time of Thomas' arrest till delivery. This appropriately gives retroactive effect to section 2900.5 subdivision (e), enacted in 1980. (*In re Kapperman* (1974) 11 Cal.3d 542, 544-550 [114 Cal.Rptr. 97, 522 P.2d 657].)

Penal Code section 4019, as interpreted by us in *People* v. *McMillan* (1980) 110 Cal.App.3d 682 [167 Cal.Rptr. 924], requires that one day of conduct credit be given for each two days served prior to delivery to the department. In Mr. Thomas' case, this would be 137 days. Instead, the department credited him with only 88 days.

In his return, the Attorney General acknowledges the predelivery computation is wrong but argues that Thomas has not been

---

*Assigned by the Chairperson of the Judicial Council.

harmed, because the department has recalculated Thomas' release date pursuant to the rule in *People* v. *McMillan, supra*, 110 Cal.App.3d 682. The weakness of this position is that it misinterprets *McMillan.* In-prison "good behavior and participation credit" bestowed by Penal Code section 2931 is subject to loss by poor behavior (Pen. Code, § 2932), but predelivery credits are *not* subject to such loss.

The Attorney General does not dispute this distinction. He argues instead that this potential harm is "not a basis upon which any relief by way of habeas corpus should be fashioned." He contends that because petitioner has thus far maintained all of his in-prison conduct credits, the possibility of losing some of them is insignificant. Section 2932, subdivision (a), provides that, "[n]ot more than 90 days of good behavior credit nor more than 30 days of participation credit may be denied or lost during any eight-month period during which the misbehavior or failure to participate took place." So far as petitioner is concerned, the Attorney General correctly observes that the potential loss of credits in the future will not likely exceed the number of otherwise available credits.

Since the department has not threatened to reduce petitioner's available credits, the Attorney General views the petition as a challenge to the validity of anticipated future conduct, a matter not cognizable by habeas corpus, relying on *In re Drake* (1951) 38 Cal.2d 195 [238 P.2d 566]. In *Drake*, however, as petitioner correctly observes, the issue was whether a prisoner could challenge the validity of a "hold order" from another state when no extradition proceeding was pending and when the prisoner's confinement was otherwise legal. (*Id.*, at p. 197.) Similarly, the Attorney General's reliance on *People* v. *Larsen* (1956) 144 Cal. App.2d 504 [301 P.2d 298], is misplaced. There a prisoner whose sentence had not been fixed sought a writ of error *coram nobis* alleging that a recently enacted Penal Code section unconstitutionally deprived him of previously earned sentence credits. The appellate court denied relief on several grounds: (1) *coram nobis* was an inappropriate vehicle to challenge constitutional rights (*id.*, at p. 506); (2) even if *coram nobis* were appropriate, the petition consisted of generalities which did not suffice to make the showing required for the writ (*id.*, at p. 507); and (3) relief by habeas corpus was inappropriate because the prisoner's sentence had not yet run, thus he was not entitled to release. The court observed that the prisoner had been sentenced to an indeterminate term and that the release date had yet to be fixed. The case is simply not on point.

As petitioner correctly argues, this court in *People v. McMillan, supra,* 110 Cal.App.3d 682, *expressly* directed prisoners to seek recourse to the courts when administrative procedures had been exhausted as they have been by Mr. Thomas. (*Id.,* at p. 685.)

■ Next, the Attorney General argues that petitioner initially did not expressly raise the issue of credits subject to loss in prison. While it is true that the pro per petition did not specifically raise the point, it was inferentially raised by the request for proper predelivery credits.

■ Finally, the Attorney General argues: "[G]ranting any such relief under these circumstances would place enormous administrative costs on the state for no purpose other than sheer formalism." He points out that no other prisoners have complained. Implicit in the purely pragmatic argument is this: The Department of Corrections has not been following the mandate of *People v. Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874], in the matter of allowing predelivery conduct credit. It has apparently misinterpreted *People v. McMillan, supra,* 110 Cal.App.3d 682, and inferentially has routinely purported to comply with *Sage* by increasing in-prison conduct credits. This is inappropriate for the reason already mentioned: predelivery credits are not subject to loss for inadequate behavior; postdelivery credits are. They are not the same things and therefore are not interchangeable.

### ORDER

The Department of Corrections is directed to credit petitioner, Fred L. Thomas, with predelivery credit of 274 days actual custody, plus 137 days credit pursuant to Penal Code sections 4019 and 2900.5, for a total credit of 411 days against his determinate state prison sentence of 8 years and 4 months.

Except to the extent that the relief prayed for has been provided herein, the order to show cause is discharged and the petition for writ of habeas corpus is denied.

Racanelli, P. J., and Newsom, J., concurred.