[Crim. No. 18266. First Dist., Div. One. Apr. 30, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
LLOYD C. GARFIELD, Defendant and Appellant.

476

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Clifton R. Jeffers, Chief Assistant State Public Defender, Isadora W. Lomhoff, Gail R. Weinheimer and Mark Fogelman, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, George Deukmejian, Attorneys General, Jack R. Winkler, Robert H. Philibosian, Chief Assistant Attorneys General, Edward P. O'Brien, Assistant Attorney General, John T. Murphy and Kenneth C. Young, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**NEWSOM, J.**—Appellant was convicted of first degree burglary and possession of a firearm by a narcotics addict. ■ He appeals from the judgment entered thereon, making no challenge to the burglary conviction, but arguing under Penal Code section 654 that he may not be punished for both a burglary and possession of a weapon taken in the course of the burglary. We disagree, and affirm the judgment, while remanding the matter for resentencing because of procedural error in the trial court's imposition of the upper term of four years for the burglary conviction.

I

The admitted facts below show that appellant, a narcotics addict, burglarized the Fork residence in Loleta, California in the nighttime taking a number of items, including a .38 calibre pistol. Six days later, acting on an entirely unrelated complaint, Humboldt County deputies arrested appellant for assault with a deadly weapon near the Rio Vista Motel, where he resided. With appellant's consent, his car was searched and the .38 calibre pistol taken in the Fork burglary was found in his wife's purse. Appellant conceded he had put the pistol in his wife's purse just before the arrest.

In appellant's words, he contends that, "Penal Code section 654 requires that the judgment be modified to stay . . . sentence under Count III [since] Appellant may not be punished both for burglary and possession of a weapon taken in the course of the burglary."

Penal Code section 654 reads in pertinent part as follows: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one. . . ."

If, as appellant contends, his possession of the firearm taken from the Fork residence was merely incidental to its theft, and indivisible from the burglary, then we agree he cannot be punished separately for its possession when he was apprehended at the Rio Vista Motel. (*People* v. *Panky* (1978) 82 Cal.App.3d 772, 782 [147 Cal.Rptr. 341]; *People* v. *Jurado* (1972) 25 Cal.App.3d 1027, 1034 [102 Cal.Rptr. 498]; *People* v. *Griffin* (1962) 209 Cal.App.2d 125 [25 Cal.Rptr. 667].)

But here there was a passage of six days between the separate acts of acquisition of the gun and appellant's apprehension while in possession; and more importantly the gun was not "cached" or stored with the rest of the fruits of the burglary in appellant's residence or elsewhere, but was by his own admission in his *personal possession* immediately preceding his arrest, having been placed by him in his wife's purse when pursuing deputies turned their red lights on prior to stopping his car.

Under these circumstances we find a clearly distinct offense, severable from the burglary not merely in terms of continuity, but in terms of intention as well. Just as in *People* v. *Taylor* (1969) 2 Cal.App.3d 979 [83 Cal.Rptr. 119], the court found separate punishment proper for possession of stolen property and possession of a concealable firearm by a felon because "as to each offense [Taylor] had a separate and distinguishable *mens rea*," so we view as reasonable the trial court's inference that appellant's personal possession of the .38 calibre pistol in his automobile six days after its theft supported the conclusion that a separate offense had occurred. ■ As stated in *People* v. *Perez* (1979) 23 Cal.3d 545, 551 [153 Cal.Rptr. 40, 591 P.2d 63]: ". . . if the evidence discloses that a defendant entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for the independent violations committed in pursuit of each objective even though the violations were parts of an otherwise indivisible course of conduct."

In arriving at this conclusion, we emphasize the circumstances of his possession rather than the mere passage of time as the key element supporting it.

## II

■ Appellant next contends that the trial court erred in sentencing him first to the upper term for burglary, and then to a consecutive term under Penal Code section 1170.1 for the separate violation of Penal Code section 12021.

The trial court, in deciding to sentence appellant to the four-year upper term for first degree burglary, set forth with particularity, as required by Penal Code section 1170, subdivision (b), the basis for its finding of aggravation. Thus, the court stated: "The Court has imposed the upper term for the following reasons and those would be the same reasons that I mentioned, the circumstances in aggravation of the offense, his extensive past arrest record and that the arrest record consist's [*sic*] of serious crime which are a danger to society; he was on parole when he committed this particular offense; it was a burglary in the night time; his performance since he has been on parole or probation has been inadequate, he has committed crimes while on parole and he has been in possession of loaded firearms *and was in possession of a loaded firearm while he was arrested.*" (Italics added. See Pen. Code, § 1170, subd. (b); Cal. Rules of Court, rule 421.)

We agree that it was error to have used as an element of the decision to impose the upper term the weapon possession offense for which a separate and consecutive sentence was imposed. (Pen. Code, § 1170, subd. (b); Cal.Rules of Court, rule 441.) But we also note in this connection that the probation report filed with the court, and to which under Penal Code section 1170, subdivision (b), the court could and did properly refer in imposing sentence, recites additional reasons separate from that offense justifying the upper terms, e.g., "the instant matter marks the third time defendant has been arrested with a loaded firearm in his possession."

In other words, ample evidence *apart* from the section 12021 offense supported the trial court's imposition of the upper term. Nevertheless, we believe the matter must be remanded for the purpose of resentencing for burglary without reference to the Penal Code section 12021 offense. This is so especially in view of the court's having neglected to set forth on the record the basis for its imposition of *consecutive* terms. (Cf. *People* v. *Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66].)

### III

Appellant next argues that the trial court erred in considering possession of a firearm as *a factor* in imposing the upper term, after having found that appellant was *not* armed during commission of the burglary. We agree that this was error, since under California Rules of Court, rule 421, possession of a firearm per se is not a cognizable

circumstance in aggravation; but as we have said, there was ample evidence apart from this particular offense legally justifying the upper term.

The convictions are affirmed, and the matter is remanded for resentencing in accordance with the views expressed herein.

Racanelli, P. J., and Elkington, J., concurred.

The petitions of the respondent and the appellant for a hearing by the Supreme Court were denied June 27, 1979.