[Crim. No. 37407. Second Dist., Div. Five. Mar. 18, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL STONE et al., Defendants and Appellants.

**COUNSEL**

Dan Thomas Oki and Richard H. Levin, under appointments by the Court of Appeal, for Defendants and Appellants.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Richard D. Marino, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, J.**—Appellants Michael Stone and Darnell Tarver appeal from a conviction of robbery in violation of Penal Code section 211. Additionally, appellant Stone was found to have committed the offense with a firearm within the meaning of Penal Code section 12022.5.

Both appellants waived a trial by jury and the trial judge found both guilty of robbery as charged and further found that appellant Stone was armed during the commission of the offense. Appellant Stone was sentenced to state prison for the upper term of five years plus two years for being armed during the offense pursuant to Penal Code sections 12022.5 and 1203.06, subdivision (a)(1). This sentence was to run consecutively with any other he was now serving.[1] Appellant Tarver was sentenced to the lower term of two years in state prison. Appellant Stone was given 245 days' credit for days in custody and appellant Tarver 29 days' credit.

The facts are as follows: Wilbert Jones was dragged into an alley by defendants Stone and Tarver. Stone shoved a .38 caliber revolver into Jones' side while Tarver searched Jones' pockets. Stone removed a watch from Jones' wrist. During the struggle, Jones was knocked to the ground.[2] Jones' friend, Smith, ran away when the assault commenced.

The police observed the victim on the ground and Stone standing over him. As the officers exited their vehicle, Tarver started to walk away, but he was told to stop by the officers, and did so. Jones was shouting that he had been robbed. All parties were patted down for weapons. A hard object was felt in Stone's coat pocket and this proved to be two watches. Stone identified one of the watches as his own, but could not describe the other watch seized; Jones identified the watch as his at the station, claiming that it had been taken from him. As the officer was questioning Stone about the watches, a gun was observed under Stone's foot.[3] The pistol was recovered by the officer and all parties handcuffed. Smith had returned to the scene and he, too, was arrested. Tarver was questioned about the watch that Stone was unable to describe, but he, also, was unable to identify it.[4]

■ Stone and Tarver contend that the evidence is insufficient to sustain the convictions. Stone also contends that there was insufficient evidence to support the gun use allegation finding. Neither contention is meritorious.

---

[1] It appears from the record that appellant Stone was under a state prison sentence for robbery during the case at bar.

[2] The record indicates that Jones, and a friend of his, Smith, were somewhat under the influence of marijuana, which they had smoked earlier in the day.

[3] The gun was loaded.

[4] Jones claimed that $20 had been taken from him as well as the watch, but no money was found in the search.

The testimony of Jones was sufficient. The officers' testimony, the finding of the gun (partially hidden because Stone was standing on it), and the watch adequately corroborated Jones' testimony. The victim was not unworthy of belief due to his marijuana use. (See *People* v. *Villagren* (1980) 106 Cal.App.3d 720 [165 Cal.Rptr. 470].)

█ Tarver contends the pat-down search was illegal.[5] We answer his contention on the merits, although he did not raise it at the trial level; he uses that failure to object as an insufficiency of counsel argument. The pat-down was legal. As noted, the officers observed a man on the ground, shouting, saw one defendant try to walk away, and, the event took place in a poorly lit alley. The scenario for innocent activity was not reasonable. The actions of the officers were patently proper and reliance on *Terry* v. *Ohio* (1968) 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868] is·inappropriate.

█ The argument that there was insufficient evidence to establish probable cause for the arrest needs no discussion; the facts belie the contention, i.e., a victim shouting that he was robbed, two men standing over him as he was on the ground, one of whom started to walk away and the other observed to be standing on a loaded pistol. More probable cause could not be asked for. (Pen. Code, § 836.)

The next contention falls for it erroneously assumes an illegal detention and ultimate arrest. Tarver claims that the recovery of the pistol was procured by the illegality of the pat-down and arrest. *People* v. *Hillery* (1967) 65 Cal.2d 795, 803 [56 Cal.Rptr. 280, 423 P.2d 208], states: █ "To constitute probable cause for arrest, a state of facts must be known to the officer that would lead a man of ordinary care and prudence to believe or to entertain a strong suspicion that the person arrested is guilty." (See also *People* v. *Hill* (1974) 12 Cal.3d 731, 744-745 [117 Cal.Rptr. 393, 528 P.2d 1], for facts supporting the right for a pat-down.) The detention, pat-down, and arrest were legal.

As to the statements made by defendants following their arrest, there is no contention of exclusionary grounds other than the alleged illegality of the pat-down and arrest. We hold that there was no illegality; hence, the statements were properly admitted.

---

[5]Stone has incorporated all of the contentions made by Tarver as also being raised by him. He does not additionally argue the matters, but a ruling on one equally applies to the other.

There remain three contentions concerning appellants' sentencing. First, appellant Tarver challenges the trial court's failure to find conduct credit for appellant Tarver (which also necessarily includes appellant Stone) as requiring the case to be remanded. While conduct credit was not given, appellant Tarver overlooks the modification of *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874], where the court states (at p. 509): "It is unnecessary, however, to remand this defendant and others who have already been sentenced for new sentencing proceedings to determine the additional credit to which they may be entitled." This is first a matter for determination by the Department of Corrections.

Secondly, appellant Stone challenges the failure of the trial court to state its reasons on the record for imposing the upper term. The court indicated that it had read the probation report. Further, the court indicated that in the probation report, appellant Stone was termed a "predatory type of individual" and the judge commented: "This is a very serious case."

In *People* v. *Turner* (1978) 87 Cal.App.3d 244, 247 [150 Cal.Rptr. 807], the respondent argued that sufficient reason was stated where the trial court incorporated the probation report by reference. The court held that this violated the letter and spirit of Penal Code section 1170, subdivision (b), and California Rules of Court, rule 439(c). As stated in *People* v. *Arceo* (1979) 95 Cal.App.3d 117 [157 Cal.Rptr. 10], at page 121: "Thus the court must state reasons for granting or denying probation, but once it denies probation it need only state further reasons if it does not impose the middle term."

While we admire brevity, the trial court remained effectively silent as to statements of reason for imposing the upper term. Its comment that defendant was a "predatory type of individual" was merely a recognition of a conclusion reached by the probation officer. Even were we to stretch the comment into a conclusion of fact, it was not one expressed as that of the judge. The judge acknowledged having examined the probation report, but this has been held insufficient.

Stone appears to contend that he was improperly sentenced to a consecutive sentence relative to the enhancement for the use of a firearm. There is no requirement to state reasons when imposing an enhancement. It is true that for the court to strike an enhancement, reasons

must be stated (Pen. Code, § 1170.1, subd. (g)),[6] but imposition of the enhancement, a consecutive penalty, follows where the enhancement is not stricken (Pen. Code, § 1170.1, subd. (c)).[7]

In his reply brief, however, Stone seems to disclaim this argument and argues that it is the making of the instant sentence consecutive to any prior sentence. The court knew that defendant had recently pled guilty to another robbery and either knew, or assumed, a sentence had been imposed. Defendant cites cases relative to consecutive sentencing in the same trial. In *People* v. *Anjell* (1979) 100 Cal.App.3d 189 [160 Cal.Rptr. 669], the court states (at p. 203): "Appellant contends that the trial judge erroneously failed to state his reasons for imposing consecutive sentences on counts one and two. The Attorney General replies that a statement of reasons was unnecessary because the record shows that the consecutive sentences were appropriate. Section 1170, subdivision (c), provides that '[t]he court shall state the reasons for its sentence choice on the record at the time of sentencing.' A decision to impose consecutive rather than concurrent sentences is a 'sentence choice' within the meaning of the statutory language. Cal. Rules of Court, rule 405(f); *People* v. *Walker* (1978) 83 Cal.App.3d 619, 622 ....)" (See also *People* v. *Garfield* (1979) 92 Cal.App.3d 475, 479 [154 Cal.Rptr. 869].)

The question then is whether the same requirement is applicable where there are two separate trials. We conclude that it is. Penal Code section 669 provides in pertinent part as follows: "When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed

---

[6]Section 1170.1, subdivision (g), reads as follows: "(g) Notwithstanding any other provision of law, the court may strike the additional punishment for the enhancements provided in Sections 667.5, 12022, 12022.5, 12022.6, and 12022.7 if it determines that there are circumstances in mitigation of the additional punishment and states on the record its *reasons for striking the additional punishment."*

[7]Section 1170.1, subdivision (c), reads as follows: "(c) When the court imposes a prison sentence for a felony pursuant to Section 1170 the court shall also impose the additional terms provided in Sections 667.5, 12022, 12022.5, 12022.6, and 12022.7, unless the additional punishment therefore is stricken pursuant to subdivision (g). The court shall also impose any other additional term which the court determines in its discretion or as required by law shall run consecutive to the term imposed under Section 1170. In considering the imposition of such additional term, the court shall apply the sentencing rules of the Judicial Council."

shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or consecutively; . . . [¶] In the event that the court at the time of pronouncing the second or other judgment upon such person had no knowledge of a prior existing judgment or judgments or having knowledge, fails to determine how the terms of imprisonment shall run in relation to each other, then, upon such failure so to determine, or upon such prior judgment or judgments being brought to the attention of the court at any time prior to the expiration of 60 days from and after the actual commencement of imprisonment upon the second or other subsequent judgments, the court shall, in the absence of the defendant and within 60 days of such notice, determine how the term of imprisonment upon said second or other subsequent judgment shall run with reference to the prior incompleted term or terms of imprisonment. Upon the failure of the court so to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently."

We conclude this section equates the sentencing whether it be in one or more cases. We conceive of no reason not to apply the same rationale in the circumstances before us.

In *People* v. *Blessing* (1979) 94 Cal.App.3d 835 [155 Cal.Rptr. 780], the court in effect held that the reasons detailed in designating the sentences supplied the necessary statement of reasons in ordering the sentences to be consecutive. In this case we have no articulation of reasons whatsoever.

The judgment as to Tarver is affirmed.

The judgment as to Stone is reversed and remanded for purposes of resentencing only; in all other respects it is affirmed.

Kaus, P. J., and Hastings, J., concurred.