[Crim. No. 19361. First Dist., Div. One. Dec. 2, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
NEIL WARREN SKENANDORE et al., Defendants and Appellants.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Philip M. Brooks, Deputy State Public Defender, for Defendants and Appellants.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Robert R. Granucci and Blair W. Hoffman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT.*—Neil Warren Skenandore and Pierre Adair Parent appeal after they were each convicted by a jury of two counts of attempted murder (Pen. Code, §§ 664, 187), three counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)), one count of receiving stolen property (Pen. Code, § 496), and one count of possession of a concealable firearm by an ex-felon (Pen. Code, § 12021). The jury also found true allegations as to each appellant

---

*Before Racanelli, P. J., Elkington, J., and Newsom, J.

that a principal was armed with a firearm (Pen. Code, § 12022, subd. (a)), and as to Skenandore only that he personally used a firearm (Pen. Code, § 12022.5). Skenandore also admitted the truth of an allegation that he had served a prior felony term (Pen. Code, § 667.5, subd. (b)).

Appellants originally filed a brief identifying no arguable issues, under *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071], which would have required this court to review the entire record to determine whether there were arguable issues (25 Cal.3d at p. 441). However, they later filed a "supplemental opening brief" which did identify and argue a legitimate issue. Accordingly, we treat this as a standard appeal, not subject to the dictates of *Wende*. (Cf. *People* v. *Johnson* (1981) 123 Cal.App.3d 106, 109-112 [176 Cal.Rptr. 390].)

Appellants' contentions are limited to the propriety of the sentencing proceedings below. We therefore need not describe the underlying facts of the case, which involved a shootout with police at the end of a high-speed automobile chase following a robbery.

Appellants argue that the court erred by using certain facts twice, both as its basis for imposing aggravated or upper terms, and as its basis for imposing consecutive sentences. Respondent concedes that the court technically erred, and we agree. As to Skenandore, the court found as circumstances in aggravation (Cal. Rules of Court [hereinafter cited rule], rule 421) that (1) a crime involved multiple victims, (2) Skenandore had displayed a high degree of cruelty and viciousness and (3) had induced others to participate, taking a leadership role, (4) the crime evidenced planning and professionalism, (5) his pattern of violent conduct indicated a danger to society, (6) his convictions were numerous and of increasing seriousness, and (7) his prior performance on probation or parole was unsatisfactory. The court found no circumstances in mitigation (cf. rule 423) and therefore imposed aggravated sentences (cf. rule 439). The court found as criteria justifying consecutive sentences (cf. rule 425) that there were multiple victims and separate acts of violence.

It is improper to use the same fact as a basis for both aggravation and imposition of consecutive terms. (Rule 441; *People* v. *Lawson* (1980) 107 Cal.App.3d 748, 756-758 [165 Cal.Rptr. 764].) Here, the "multiple victims" factor was so used.

The court dealt with Parent in like fashion. It found the same aggravating factors, save for the third enumerated one above, found no mitigating factors, and found the same criteria to support consecutive sentencing.

■ On these facts appellants could not, and they do not, argue that a different result would be likely if the case were remanded for resentencing. This

was clearly an instance of purely technical error, in that the court needlessly stated several valid "aggravating" factors thus limiting those otherwise available for purposes of "consecutive sentencing." It is reasonably certain that, were we to remand, the trial judge would merely omit any references to the "multiple victims" factor as a circumstance in aggravation, and would properly reach the same result.

Until recently, it was arguably the rule in this division that cases of technical error in sentencing statements required remand for resentencing. (*People* v. *Garfield* (1979) 92 Cal.App.3d 475, 479 [154 Cal.Rptr. 869]. But, compare *People* v. *Jones* (1981) 126 Cal.App.3d 308, 318 [178 Cal.Rptr. 818], and *People* v. *Flores* (1981) 115 Cal.App.3d 67, 80 [171 Cal.Rptr. 365] [harmless error rule], with *People* v. *Lawson, supra,* 107 Cal.App.3d at p. 758, and *People* v. *Roberson* (1978) 81 Cal.App.3d 890, 893 [146 Cal.Rptr. 777] [presumptively remand].)

This apparent conflict has now been resolved by the California Supreme Court which held that in such cases the harmless error rule applies. (*People* v. *Wright* (1982) 30 Cal.3d 705, 714 [180 Cal.Rptr. 196, 639 P.2d 267]; see also *id.,* at p. 719. [Bird C. J., dis. but in agreement on this point].) Accordingly, to the extent *Garfield* may be read to require remand without a harmless error analysis on appeal, it is no longer authoritative.

The question to be answered in all these cases is whether on remand a result more favorable to the defendant is reasonably probable. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].) In the instant case, as to each of the appellants, we are satisfied that a more favorable result is highly unlikely.

■ ■■■ The judgments are affirmed.[1]

---

[1]Appellants note that, because they were sentenced before the Supreme Court decided *People* v. *Sage* (1980) 26 Cal.3d 498, [165 Cal.Rptr. 280, 611 P.2d 874], appellants were not allowed credit by the trial court for good time/work time accumulated during the time of their prejudgment incarceration. They are entitled to be given these credits by the Department of Corrections. (*People* v. *Sage, supra,* 26 Cal.3d at p. 509; *People* v. *McMillan* (1980) 110 Cal.App.3d 682, 685-686 [167 Cal.Rptr. 924].) Respondent notes that both abstracts of judgment incorporate an arithmetical error, showing a fractional two-thirds of a year where the actual sentences sum to a fractional five-sixths of a year. The trial court is directed to issue, nunc pro tunc, amended abstracts reflecting correction of this clerical error.