[No. F002055. Fifth Dist. Dec. 7, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH ROBERT CALLAHAN, Defendant and Appellant.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Augustus E. Noland, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Maureen A. Daly and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

THE COURT.*—Appellant was convicted on his December 16, 1982, guilty plea of robbery with the use of a firearm (Pen. Code, §§ 211, 12022.5). On May 25, 1982, appellant was sentenced to prison for seven years for robbery in an unspecified Tulare County Superior Court action. The facts pertaining to the Tulare County case appear nowhere in the present appellate record. On January 13, 1983, appellant was sentenced to prison for the five-year upper base term plus the two-year gun use enhancement, which sentence was ordered to run consecutive to the Tulare County term. The judge "suspended" all but one-year eight months of the sentence. Ap-

*Before Hanson (P. D.), Acting P. J., Woolpert, J., and Gallagher, J.†

†Assigned by the Chairperson of the Judicial Council.

pellant now contends the judge's failure to state reasons for the consecutive term requires remand for resentencing. Respondent counters that the defense failure to object waived the error and, alternatively, the error was harmless.

At the sentencing hearing the judge found: ". . . no circumstances in mitigation, and that there are four circumstances in aggravation: premeditation, defendant's prior convictions as an adult are numerous and of continuing seriousness, the defendant has engaged in a pattern of violent behavior, there's two prior robberies which indicates he is a danger to society, the defendant's prior performance on parole has been unsatisfactory.

"With that in mind it will be the judgment of this court for the charge of robbery that the defendant be sentenced to the Department of Corrections for the upper term of five years. That term will be enhanced pursuant to Section 12022.5 of the Penal Code for a period of two years for a total of seven years. This sentence will run consecutively to the prison sentence that the defendant has already—is already serving from Tulere [*sic*] County pursuant to Section 667.5c of the Penal Code. That would make you—said a year and eight months, so it would be all but one year and eight months would be suspended."

In *People* v. *Walker* (1978) 83 Cal.App.3d 619 [148 Cal.Rptr. 66], the court held that the imposition of a consecutive sentence is a sentencing choice for which a statement of reasons is required. The court reasoned: "Penal Code section 1170, subdivision (c), provides: 'The court shall state the reasons for its sentence choice on the record at the time of sentencing. . . .' The parties disagree on whether the selection of consecutive rather than concurrent sentences is a 'sentence choice.' California Rules of Court rule 405(f) states: ' "Sentence choice" means the selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial. It includes the granting of probation and the suspension of imposition or execution of a sentence.'

"The imposition of consecutive terms is in a sense the converse of suspending a sentence. The reasons a sentence is suspended must be stated on the record and the imposition of consecutive sentences should be treated in the same way. One of the objectives of the new sentencing law is uniformity of sentences (Pen. Code, § 1170, subd. (a)(1); California Rules of Court, rule 410(g)). In order to assess whether judges are imposing like sentences in like situations (Pen. Code, § 1170.4), it is necessary for them to state on the record why a certain sentence has been selected (Pen. Code, §§ 1170, subd. (c), 1170.3; California Rules of Court, rules 443, 425, 433). As part

of this ongoing review of sentencing practices it is necessary for the court to state for the record why consecutive sentencing is warranted.

"Here there is nothing in the record to show why the sentence choice of consecutive terms was selected. Arlen's case must be remanded for resentencing." (*Id.*, p. 622.)

In *People* v. *Stone* (1981) 117 Cal.App.3d 15 [172 Cal.Rptr. 445], the court held that the requirement of the statements of reasons for consecutive terms applies "where there are two separate trials [i.e., proceedings]." (*Id.*, pp. 21-22.) The court reasoned that Penal Code section 669 "equates the sentencing whether it be in one or more cases. We conceive of no reason not to apply this same rationale in the circumstances before us."[1] (*Id.*, p. 22.) The court remanded where the judge stated no reasons for either the upper base term or consecutive term.

In *People* v. *Edwards* (1981) 117 Cal.App.3d 436 [172 Cal.Rptr. 652], this court reached a similar result, stating: "Here, the court did not state any reasons for imposing a consecutive term on the Madera burglary conviction. There is nothing in the record to indicate that the sentencing judge was cognizant of the circumstances of the Madera offense or any factors under California Rules of Court, rule 425, upon which he could rely to impose a consecutive sentence.

"There must be a remand for resentencing on the Madera conviction." (*Id.*, p. 450.)

California Rules of Court, rule 425 provides "Criteria affecting the decision to impose consecutive rather than concurrent sentences include:

"(a) Facts relating to the crimes, including whether or not:

"(1) The crimes and their objectives were predominantly independent of each other.

"(2) The crimes involved separate acts of violence or threats of violence.

"(3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior.

---

[1]Penal Code section 669 provides in pertinent part: "When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or consecutively . . . ."

"(4) Any of the crimes involved multiple victims.

"(5) The convictions for which sentences are to be imposed are numerous.

"(b) Any circumstances in aggravation or mitigation."

■ A judge may not use the same fact(s) to impose an upper base term and a consecutive term. (Pen. Code, § 1170, subd. (b); *People* v. *Lawson* (1980) 107 Cal.App.3d 748 [165 Cal.Rptr. 764].) As with the statement of reasons requirement involved in *People* v. *Stone, supra,* 117 Cal.App.3d 15, and *People* v. *Edwards, supra,* 117 Cal.App.3d 436, simple logic dictates that the dual use bar applies whether there are one or more separate sentencing proceedings.

It is apparent that a sentencing judge cannot intelligently decide the relationship between the terms for two or more crimes absent basic information about all of the offenses. Where a defendant is sentenced on multiple counts in one proceeding, the basic information will appear in the probation officer's report (RPO) prepared for that sentencing proceeding. (Pen. Code, § 1203.) Where a defendant is sentenced in multiple proceedings, the ultimate sentencing judge nevertheless should be made aware of the facts pertaining to all of the crimes.

It would appear the most effective method to achieve informed sentencing in this situation would be to furnish the ultimate sentencing judge with the RPO from the earlier proceedings. Whether the earlier proceedings occurred in the same or different counties, we perceive no practical problem in securing the relevant RPO. Failing this, however, the current RPO at least should summarize the basic information about the facts of the crime(s) on which sentence earlier was imposed.

It is likewise apparent that where an *upper base term* has been imposed in an earlier sentencing proceeding, the ultimate sentencing judge also should be provided a transcript of the previous judge's reasons for that upper base term in order to protect against a dual use of facts. Again, whether the earlier proceeding occurred in the same or different counties, we foresee no practical problem in acquiring the needed information. Unless the ultimate sentencing judge has access to the earlier statement of reasons, the judge would have no assurance that he was not using the same facts previously used unless he limited his reasons for the consecutive term to ones which could not *conceivably* have been used by the earlier judge. He could not, for example, confidently rely on the personal background factors listed in rule 421(b)(1) through (5).

 In the instant case, appellant was sentenced to a consecutive term by a judge who, so far as the record shows, was aware of virtually none of the facts pertaining to the Tulare County robbery, except for appellant's statement in the current RPO that he committed that robbery one day after the Kern County robbery. The judge was likewise not informed of the reasons used in the earlier action to justify the upper base term. Moreover, the judge stated no reasons for the consecutive term.

The instant record defies meaningful appellate review. First, we cannot meaningfully review the decision to impose a consecutive term. We have no way of knowing the judge's reasons, let alone whether the record contains factual support for such reasons. Second, we cannot exclude the very real possibility the judge based the consecutive term on the same fact(s) relied on in the Tulare County action to justify the upper base term. We note, in this regard, that three of the four aggravating factors cited by the judge (as well as the prior prison term cited by the RPO as an additional reason for consecutive terms) related to appellant's background and presumably were equally available to the Tulare County judge at the earlier sentencing proceeding.

Under these circumstances there must be a remand for resentencing by a judge who has been provided with the basic information about the Tulare County action (ideally, in the form of the RPO filed in that action) together with a transcript of the sentencing proceedings sufficient to show the statement of reasons given by the Tulare County judge for the upper base term.

 We have previously rejected a waiver theory in *People* v. *Ramos* (1980) 106 Cal.App.3d 591, 598, footnote 1 [165 Cal.Rptr. 179], as have other courts in *People* v. *Jones* (1980) 111 Cal.App.3d 597 [169 Cal.Rptr. 28] and *People* v. *Lutes* (1981) 117 Cal.App.3d 830, 832 [173 Cal.Rptr. 300]. Relying on *People* v. *Crouch* (1982) 131 Cal.App.3d 902 [182 Cal.Rptr. 701] and Penal Code section 1259,[2] respondent seeks to reopen the waiver debate. We remain unpersuaded. In any event, the instant sentencing hearing was flawed not only by a lack of stated reasons but by a complete informational void as to the crime to which the instant crime was ordered to run consecutive. Adoption of a waiver rationale is particularly inappropriate in the instant case.

---

[2]Penal Code section 1259 provides: "Upon an appeal taken by the defendant, the appellate court may, without exception having been taken in the trial court, review any question of law involved in any ruling, order, instruction, or thing whatsoever said or done at the trial or prior to or after judgment, which thing was said or done after objection made in and considered by the lower court, and which affected the substantial rights of the defendant. The appellate court may also review any instruction given, refused or modified, even though no objection was made thereto in the lower court, if the substantial rights of the defendant were affected thereby."

The judgment is affirmed and the matter is remanded for resentencing in accordance with the principles stated herein.