[No. A029294. First Dist., Div. Four. Nov. 25, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES COURTNEY, Defendant and Appellant.

**COUNSEL**

Richmond M. Flatland, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Frances Marie Dogan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHANNELL, J.**—Appellant Charles Courtney pled guilty to arson of an occupied San Mateo residence (Pen. Code, § 451, subd. (b))[1] and admitted a prior felony conviction (§§ 667, 667.5, subd. (b)). He was sentenced to the lower base term of three years for the present offense and given a five-year enhancement under section 667 for the prior conviction. He appeals, contending that the case should be remanded for resentencing because the trial court erroneously believed that it had no discretion (§ 1385) to strike the five-year section 667 sentence enhancement. We affirm the sentence imposed.

---

[1]All statutory references are to the Penal Code.

## I. Facts

Because Courtney contests only the validity of the sentence imposed, no detailed discussion of the facts underlying the 1983 arson incident or the 1984 conviction is necessary. At sentencing, defense counsel argued that Courtney should be granted probation. In the alternative, counsel argued that the terms of section 667 did not apply[2] and that, for this reason, the court should strike or stay the enhancement. There was no mention of the provisions of section 1385, nor discussion of the trial court's authority to exercise its discretion to strike or stay the section 667 enhancement on any grounds other than that section 667 was inapplicable by its own terms. The sentencing court listened to arguments from both counsel; and, without commenting on this discussion, denied the application for probation, sentenced Courtney to the lower base term of three years for arson, and enhanced the sentence by five years under the terms of section 667. Courtney later obtained a certificate of probable cause (§ 1237.5) and filed a timely appeal.

## II. Discussion

 Courtney contends that the case should be remanded to allow the trial court to exercise its discretion to strike the prior felony conviction. The California Supreme Court has recently ruled that the trial court retains discretion to strike the prior conviction under section 1385. (*People* v. *Fritz* (1985) 40 Cal.3d 227, 228-229 [219 Cal.Rptr. 460, 707 P.2d 833].)[3] However, Courtney did not ask the sentencing court to exercise any discretion to strike or stay the section 667 enhancement under section 1385; he only asked the court to strike or stay the enhancement because he did not believe his prior convictions satisfied the express terms of section 667. (See fn. 2, *ante.*) Also, in *Fritz,* "the trial court erroneously believed it had no discretion to strike the prior" conviction. (*People* v. *Fritz, supra,* 40 Cal.3d at p. 229.) Here, the sentencing court gave no indication that it believed that

---

[2]At trial, counsel argued that section 667, providing for a five-year sentence enhancement for each prior conviction "brought and tried separately," did not apply to Courtney, whose prior convictions for rape and robbery were jointly tried in a single proceeding. The trial court implicitly rejected this argument when it imposed the section 667 sentence enhancement.

[3]In the appellant's opening brief prepared before *Fritz* was decided, counsel cites *People* v. *Golondrina*\* (Cal.App.), as his major support for this argument. The California Supreme Court granted a hearing in *Golondrina* four months before the brief was filed. An attorney may not cite an appellate opinion that has been superseded by the granting of a hearing. (Cal. Rules of Court, rule 976(d).) Even after the People noted that *Golondrina* was not properly cited, appellant's counsel continued to urge its application in his reply brief. Inclusion of *Golondrina* in the opening brief might be attributed to oversight; continued citation of a case known to be improperly cited cannot.

\*Reporter's Note: Hearing granted Nov. 15, 1984 (Crim. 24170).

the section 667 sentence enhancement was mandatory. As such, Courtney has not sustained his burden of establishing error. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 373, p. 4345.)

Even if the court erroneously believed that it had no discretion to strike the section 667 sentence enhancement, the error was harmless. Courtney was convicted of a life-threatening offense: arson of an inhabited structure. He admitted that he was hired and paid to commit the offense. The offense involved multiple victims, at least one of which was vulnerable: a pregnant woman who alleged that she went into false labor as a result of the incident. The couple who owned the residence moved after the incident, at substantial financial cost to them. The probation report indicates that Courtney's conviction is the latest in a series of increasingly serious offenses. On this record, it is not reasonably probable that the court would have exercised its discretion to strike or stay the five-year enhancement. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243], cert. den., 355 U.S. 846 [2 L.Ed.2d 55, 78 S.Ct. 70]; see *People* v. *Skenandore* (1982) 137 Cal.App.3d 922, 924-925 [187 Cal.Rptr. 368].) Courtney entered into a plea bargain knowing that he could be sentenced to a maximum term of eight years, including five years for a section 667 enhancement. The sentence imposed does not exceed the bargain.

The judgment, including the sentence, is affirmed.

Anderson, P. J., concurred.

**POCHÉ, J.**—I concur.

I agree with my colleagues that *Fritz*[1] error has not been demonstrated on this record because: (1) there is no indication that counsel asked the trial court to strike the prior; and (2) there is no affirmative showing that the trial court believed that it had no such power.

Since the question is not before us I express no opinion on the appropriate standard of prejudice in situations where *Fritz* error is demonstrated.

A petition for a rehearing was denied December 19, 1985, and appellant's petition for review by the Supreme Court was denied February 14, 1986. Bird, C. J., and Broussard, J., were of the opinion that the petition should be granted.

---

[1] *People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833].