Filed 4/22/16  P. v. Gonzalez CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B261578, B261588 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. Nos. BA391372 & BA400290) |
| ALEJANDRO JOSE GONZALEZ, | |
| Defendant and Appellant. | |

CONSOLIDATED APPEALS from judgments of the Superior Court of Los Angeles County, Frederick N. Wapner, Judge.  Reversed and remanded for resentencing.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Michael R. Johnsen, Steven E. Mercer and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Alejandro Jose Gonzalez appeals from judgments entered following his no contest pleas in case No. BA400290, involving possession of cocaine for sale (the cocaine case) and case No. BA391372, alleging transportation of marijuana (the marijuana case).[1] After denying *Romero*[2] motions filed and argued in both cases, the court imposed an enhanced sentence in the cocaine case based on appellant's prior conviction for attempted robbery (six years in state prison, the middle term sentence (three years) doubled in accordance with the Three Strikes law). Because the trial court did not appreciate the full extent of its discretion when it denied appellant's *Romero* motions and imposed an enhanced sentence in the cocaine case, we reverse and remand for resentencing.

### FACTUAL and PROCEDURAL BACKGROUND

1. *The Present Offenses and Pleadings.*

The cocaine case arose out of a 2011 possession for sale of 1,992 grams net weight (approximately 4.4 pounds) of cocaine. The marijuana case involved a 2011 possession for sale of 8,976 grams (approximately 19.8 pounds) of marijuana.

The April 9, 2014 amended indictment in the cocaine case accused appellant of conspiracy to possess cocaine for sale (count 1), possession of cocaine for sale (count 2), being a felon in possession of a firearm (count 5), and unlawful possession of ammunition (count 6). (Pen. Code, §§ 182, subd. (a)(1), 29800, subd. (a)(1), 30305, subd. (a)(1); Health & Saf. Code, § 11351.) The amended indictment also alleged an enhancement for possession of more than one kilogram of narcotics under Health and Safety Code section 11370.4, subdivision (a)(1) (counts 1 & 2); and a prior conviction of

---

[1]     On April 17, 2015, we granted appellant's motion to consolidate the appeals in case Nos. B261578 and B261588; ordered that all documents previously filed under appeal No. B261588 were refiled under appeal No. B261578; and ordered that all future documents were to be filed under appeal No. B261578.

[2]     Under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), a court has discretion to disregard a prior violent or serious felony that would otherwise require an enhanced sentence under the Three Strikes law.

a serious or violent felony under Penal Code section 667, subdivisions (b) through (i) (the Three Strikes law) based on appellant's 1998 attempted robbery conviction (Pen. Code, §§ 664/211) in case No. YA038316 (counts 1, 2, 5 & 6). The October 23, 2013 information in the marijuana case alleged possession of marijuana for sale (count 1), offering to sell or transporting marijuana (count 2), and conspiracy to transport marijuana (count 3). (Health & Saf. Code, §§ 11359, 11360, subd. (a); Pen. Code, § 182, subd. (a)(1).) The information also alleged a prior conviction of a serious or violent felony under the Three Strikes law based on appellant's 1998 attempted robbery conviction (counts 1 - 3).[3]

2. *The Romero Motions.*

    a. *The Written Romero Motions.*

Represented by the same counsel, appellant filed a February 20, 2014 *Romero* motion in the cocaine case and a March 13, 2014 *Romero* motion in the marijuana case. In the written motions, appellant quoted *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*), for the applicable standard and the factors the court should consider when ruling on the motions. *Williams* stated, "We therefore believe that, in ruling whether to strike or vacate a serious and/or violent felony conviction allegation or finding under the Three Strikes law . . . the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, *in whole or in part*, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id.* at p. 161, italics added.)

---

3      One of appellant's alleged coconspirators in the marijuana case was Casey Rowland. Rowland was also a codefendant when appellant was convicted of the 1998 attempted robbery giving rise to the strike alleged in the cocaine and marijuana cases. Neither Rowland nor the three codefendants in the cocaine case (Anthony Pollack, Jason McWade, and Jorge Velasco) are parties to this appeal.

Appellant's motions addressed appellant's youth, remoteness in time, nature and circumstances of the prior offense, absence of a lengthy criminal career, absence of violence in the new offense, differences between the strike and the new offense, and appellant's prospects for a stable life as factors supporting mitigation. Specifically, appellant pointed out he was 18 years old at the time of the prior offense (13 years ago), he was not the primary perpetrator, it was remote in time and it involved alcohol consumption. As appellant described the 1998 incident, it was a melee that erupted when appellant and his cohorts, all of whom had been drinking, were passengers in the victim's car. Appellant minimized his role in the offense, asserting one of his friends initiated the assault and another drove off in the victim's vehicle. Appellant conceded he suffered a conviction for driving with a suspended license while on probation for the 1998 conviction, but pointed out the court reinstated, and appellant completed, the remainder of his probationary term.

As described in appellant's written motions, appellant had a history of employment. Appellant was working as a mechanic's assistant at the time of the 1998 incident and has been employed in the mold remediation business since then. Beginning in 2001, appellant worked at TFM Mold and Water Damage and Restoration (TFM) in Torrance and started his own mold remediation business in 2005. Although appellant's business failed, he continued to work for TFM periodically. A character letter from TFM's owner attested to appellant's character and work ethic. Since his 1998 conviction, appellant obtained a high school equivalency certificate and completed a 600-hour college course at Los Angeles Trade Technical College leading to a 2012 certification as an electrical line worker.

Appellant's motions argue that, aside from 13 days of incarceration for "a [drunk driving] conviction," appellant remained free from incarceration for about 15 years, incurring misdemeanor convictions only for nonviolent, driving-related offenses. Appellant also argued the marijuana and cocaine cases involved nonviolent conduct. Although there were weapon charges in the cocaine case, they were based on a firearm, and ammunition, found in appellant's home, and there was no evidence appellant had

4

ever used them. The motions emphasized the difference between the prior attempted robbery offense and the drug trafficking charges and argued the differences demonstrated appellant had not failed to learn from his prior experience with the judicial system. Appellant's certification as an electrical lineman also gave him prospects for a stable life.

On March 17, 2014, respondent filed oppositions to the *Romero* motions in the marijuana and cocaine cases. The text of the oppositions was substantially the same. Respondent argued the prior offense involved violence based on allegations appellant and codefendant Casey Rowland attacked and choked two victims while demanding their money and pagers, and the "victim" was punched in the face and assaulted with a skateboard. Although appellant and Rowland pled guilty or no contest to attempted robbery, they were charged with robbery. Respondent's oppositions argued that with one strike and five misdemeanor convictions prior to the pending felonies, appellant "falls well within the Three Strikes law's spirit."[4]

b. *The May 14, 2014 Argument and Ruling on the Romero Motions.*

At the May 14, 2014 hearing on the *Romero* motion in the cocaine case, the court observed the "elephant in the room" was appellant's marijuana case (which was then pending in another courtroom). The court articulated the issue presented in the *Romero* motion in the cocaine case as follows: "And the general way that I see this is that if I or some other judge were deciding what punishment that someone should get, should it be doubled or should it not be doubled, does he fall *wholly outside* the Three-Strikes law or does he not. We want to consider the nature, among other things, of the current offense. [¶] In this case, it would be the current offenses . . . . So if I'm looking at who he is now, and he has two cases, I want to know about that case; . . . [¶] So my strong tentative

---

[4]    According to the probation officer's pre-conviction report in the cocaine case, appellant was a born in 1980 and has a history of convictions:  1998 (attempted robbery in case No. YA038316), 2001 and 2009 (driving with a suspended license), and 2003 and 2007 (DUI's).  The report also shows a 2011 conviction for driving without a license, and a "DMV conviction with the charge level not indicated."

5

ruling is to deny the motion without prejudice and that they should be adjudicated together somehow or sentenced . . . ." (Italics added.)

After the marijuana case was transferred for contemporaneous consideration, the court called both cases. The court heard from both sides on the *Romero* motion. Respondent argued appellant's continued association with Rowland, who was convicted with appellant for the 1998 attempted robbery and was a codefendant in the pending marijuana case, provided further evidence appellant was within the Three Strikes law scheme.

After hearing argument, the trial court ruled as follows: "The *Romero* motion is denied. [¶] And the reason is, first of all, I have to consider the nature and circumstances of the prior offense, the nature and circumstances of this offense, and the defendant's background, character, and prospects. . . . [¶] Looking at the prior offense and looking at this offense, does his relatively exemplary life in the intervening . . . [¶] . . . [¶] 13 years cause me to say that he falls *wholly outside* the scope of . . . the spirit of the Three-Strikes laws because he only has one strike?

"*So I can't find he falls partially outside it. I have to make a finding he [falls] wholly outside of it.* The nature and circumstance of the prior offense, somewhat in the middle, not a minor little strike where he just happened to walk down the street and see somebody with a phone and kind of snatched it out of their hand's [*sic*] not horribly aggravated. There wasn't a lot of violence but there was some because he was choking somebody. So not the worst; not the best.

"The nature and circumstances of the present offenses: the marijuana case and this case. As our cases go, this is a lot of narcotics. I understand in the overall world of narcotics, probably isn't that much; but it's about 19 pounds of marijuana, and two kilos of cocaine, relatively substantial amount of drugs and . . . they're within about a month of each other, I think, these crimes.

"Anyway, I think that the nature and circumstances of the present offense, he was in the dope business. Maybe he was doing other stuff, working; but he's in the dope business in a pretty substantial way. He did a lot of great things in the interim, *but I don't*

6

*think balancing the present offense, the prior offense, and his life in the middle, that I can find that he falls wholly outside the scope of the Three-Strikes law*; and, therefore, the motion is denied." (Italics added.) There is no dispute this ruling applied to both *Romero* motions.

3. *Appellant's No Contest Pleas.*

Later on May 14, 2014, appellant pled no contest in both cases. In the cocaine case, he pled no contest to counts 1, 2, 5 and 6; admitted the narcotics weight enhancement; and admitted the 1998 strike. He also pled no contest to counts 1, 2 and 3 in the marijuana case and admitted the 1998 strike. During the taking of the pleas, the court confirmed the People's "[promise] that they will request no more than six years in prison. You will have a sentencing hearing, and I'll decide whether you get six or less than six." Appellant indicated he understood.

Just after appellant pled no contest, appellant's counsel stated, "[J]ust one other thing we should put on the record. We did have a sidebar discussion involving myself, [the prosecutor], and the court; and [the] court did indicate if my client wishes to appeal the court's denial of the *Romero* motion, that the court would sign a certificate of probable cause." The court responded, "Yes. I did make him that promise; and, yes, I will."

On July 15, 2014, appellant filed a written motion for reconsideration of his *Romero* motion, asking the court to impose a lesser sentence by granting the motion "as to some of the counts in defendant's two cases while denying the motion as to the others."

4. *Post-plea Hearings and Sentencing.*

At a July 16, 2014 hearing, the court recounted the terms of the plea bargain, indicating, without objection, the prosecutor had told the court "that the six-year lid would be with the strike so it would be six years at 80 percent." The prosecutor asked the court to sentence appellant to prison for six years. Although the court did not, on July 16, 2014, rule on appellant's motion for reconsideration of his *Romero* motions, the court's remarks during an August 8, 2014 hearing confirmed the court's "feeling on the *Romero*

7

motion didn't change" and the court was denying the motion for reconsideration because "there's a lot of drugs involved here" and the court was "trying to do what's fair in this case" in light of the sentences of the codefendants in the cocaine case.

On December 3, 2014, the court sentenced appellant in both cases. In the cocaine case, the court imposed a six-year prison term on count 1 (the three-year middle term, doubled because of the strike); imposed the same sentence to run concurrently on count 2, staying execution of the concurrent sentence pursuant to Penal Code section 654; and imposed a two-year concurrent term on each of counts 5 and 6. In the marijuana case, the court sentenced appellant to prison for the two-year middle term on count 1 (to be served concurrently with his sentence in the cocaine case) and imposed the two-year lower term on each of counts 2 and 3, staying execution of the sentence on the latter two counts pursuant to Penal Code section 654. For purposes of sentencing, the court apparently struck appellant's 1998 strike on all counts in the marijuana case and on counts 5 and 6 in the cocaine case.[5]

On December 3, 2014, and January 14, 2015, in the marijuana and cocaine cases, respectively, the court issued a certificate of probable cause with respect to the issue of "the court's ruling denying defendant's motion to dismiss his prior serious felony conviction (i.e. *Romero* motion[])." (Italics added.)

## DISCUSSION

Appellant contends the trial court erroneously believed it did not have discretion to dismiss his strike if appellant's history and circumstances demonstrated he was merely partially, rather than wholly, outside the spirit of the Three Strikes law. Appellant argues (1) the trial court abused its discretion because it denied the motion under an erroneous

---

[5]     On July 16, 2014, the court observed that "at the time of the plea, the contemplation was that if [appellant] got midterm doubled on either count 1 or count 2 [in the cocaine case], that everything else would be concurrent and, therefore, of necessity . . . I would have to strike the strike as to the remaining counts in this case and the other [marijuana] case." The prosecutor said the court was correct.

8

legal standard; and (2) the trial court's erroneous understanding of the law requires a remand for a more informed determination.

1. *Applicable Law.*

The trial court's discretion to disregard a prior serious or violent felony conviction for purposes of sentencing is well established. "Under [Penal Code] section 1385, subdivision (a), a 'judge . . . may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed.' " (*People v. Carmony* (2004) 33 Cal.4th 367, 373 (*Carmony*).) A "trial court's refusal or failure to dismiss or strike a prior conviction allegation under [Penal Code] section 1385 is subject to review for abuse of discretion." (*Carmony*, at p. 375.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

The legal standard for deciding whether to disregard a strike for purposes of sentencing is also well settled. " '[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation . . . "in furtherance of justice" pursuant to Penal Code section 1385(a) . . . the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' " (*Carmony, supra,* 33 Cal.4th at p. 377, quoting *Williams, supra,* 17 Cal.4th at p. 161.)

Where the trial court fails to understand the scope of its discretion to strike a strike, the case should be remanded, unless the trial court's comments indicate that even if it had authority to strike a prior felony conviction allegation, it would decline to do so. "*Romero* establishes where the record *affirmatively* discloses the trial court *misunderstood* the scope of its discretion [to strike, pursuant to Penal Code section 1385, subdivision (a), a prior felony conviction allegation], remand to the trial court is required to permit that court to impose sentence with full awareness of its discretion as clarified in

9

*Romero*. [Citation.] *Romero* also clearly holds that remand is not required where the trial court's comments indicate that even if it had authority to strike a prior felony conviction allegation, it would decline to do so. [Citation.]" (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944; accord, *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1896.)

As noted in *People v. Downey* (2000) 82 Cal.App.4th 899, " '[A] ruling otherwise within the trial court's power will [be] set aside where it appears from the record that in issuing the ruling the court failed to exercise the discretion vested in it by law. [Citations.]' [Citation.] 'Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal. [Citations.]' [Citation.] Where. . . a sentence choice is based on an erroneous understanding of the law, the matter must be remanded for an informed determination. [Citations.]" (*Id.* at p. 912.) On the other hand, " '[i]f the record shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required.' [Citation.]" (*People v. Gamble* (2008) 164 Cal.App.4th 891, 901.)

2. *Application of the Law to This Case.*

a. *The Trial Court's Articulation of the Applicable Standard Was Incorrect.*

On May 14, 2014, during argument on appellant's *Romero* motions, the court stated, "I *can't* find he falls *partially* outside [the Three Strikes law]. I *have* to make a finding he [falls] *wholly* outside of it." (Italics added.) The court applied that standard in deciding the motions. After stating it could not find appellant "falls *wholly outside* the scope of the Three-Strikes law" (italics added), the court ruled, "*therefore*, the motion is denied." (Italics added.) We must conclude the trial court believed it was precluded as a matter of law from dismissing appellant's strike unless appellant was completely outside the spirit of the Three Strikes law.

This was a misunderstanding because a trial court deciding whether to dismiss a strike may consider whether " 'the defendant may be deemed outside the scheme's spirit, in whole *or in part*, and *hence* should be treated as though he had *not* previously been convicted of one or more serious and/or violent felonies.' [Citation.]" (*Carmony*, *supra,*

33 Cal.4th at p. 377, italics added.)  In other words, a trial court may dismiss a strike even if the defendant is only partially, and not wholly, outside the spirit of the Three Strikes law.

b. *The Trial Court Did Not Clearly Indicate It Would Have Denied the Motions in Any Event.*

As noted in *Romero,* remand is not necessary "if the record shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations." (*Romero, supra,* 13 Cal.4th at p. 530, fn. 13, citing *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.)  In this case, the trial court expressly weighed the facts and circumstances bearing on its decision.  It observed that although appellant's prior attempted robbery involved violence, it was "somewhat" old,[6] and appellant's life was "relatively" exemplary in the 13 years since the robbery conviction notwithstanding appellant's numerous misdemeanor convictions.  At one point, the court said appellant had done "a lot of great things in the interim" and "probably" had potential.  On the other hand, the court expressed concern the pending cases involved "a lot of narcotics" and "about 19 pounds of marijuana, and two kilos of cocaine," and commented appellant was in the "dope business in a pretty substantial way."  The court also observed the crimes in the two pending cases were only a month apart.

While these comments indicate a thoughtful and balanced consideration of "the nature and circumstances of [appellant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects" as required under *Williams*, we cannot say the court's observations "clearly indicated" it would not have granted the *Romero* motions even if it had the correct standard in mind.  To the contrary, the court closely tied its ruling to the standard it applied.  The court's statements, "I can't find he falls partially outside [the scope of the spirit of the Three-

---

[6]     The mere age of a strike does not require a trial court to dismiss it as remote, particularly where a defendant has not subsequently led a legally blameless life.  (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)

Strikes laws]" and "I don't think . . . I can find that he falls wholly outside the scope of the Three-Strikes law" reflect a conscious effort to adhere to a standard that did not fully reflect the breadth of available discretion. We must reverse and remand because, based on this record, there is no clear indication how the court would have ruled if it had applied the correct standard.

c. *Appellant Preserved His Right to Appeal the Denial of the Romero Motions.*

Respondent argues the sentence should be upheld "because appellant received the benefit of his plea bargain at sentencing," citing *People v. Courtney* (1985) 174 Cal.App.3d 1004, 1007, and *People v. Couch* (1996) 48 Cal.App.4th 1053, 1056-1058. Respondent also cites *People v. Nguyen* (1993) 13 Cal.App.4th 114, for the proposition, "Where defendants have pleaded guilty in return for a specified sentence, appellate courts are not inclined to find error [in the sentencing] . . . as long as the court does not lack fundamental jurisdiction." (*Id.* at p. 122.)

These cases are distinguishable because, in this case, appellant bargained for the right to contest on appeal the trial court's ruling on the *Romero* motions. After joining in the waivers, concurring in the pleas, and stipulating to a factual basis for appellant's pleas, appellant's counsel made a record of "a sidebar discussion [where the] court did indicate if my client wishes to appeal the court's denial of the *Romero* motion, that the court would sign a certificate of probable cause." The court responded, "Yes. I did make him that promise; and, yes, I will." This exchange, which elicited no objection from the respondent, confirms the right to appeal an adverse ruling on the *Romero* motions was also part of the bargain. While respondent correctly asserts appellant received the benefit of the bargain when his sentence was capped at six years, the bargain also included appellant's right to appeal the court's denial of his *Romero* motions.

*DISPOSITION*

The judgments in superior court case Nos. BA391372 and BA400290 are reversed and remanded to allow the trial court to exercise its discretion under Penal Code section 1385, subdivision (a) on the *Romero* motions and to resentence appellant. We express no opinion as to how the court should exercise its discretion when ruling on the *Romero* motions, or what appellant's new sentences should be.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

HOGUE, J.[*]

We concur:

EDMON, P. J.

LAVIN, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.