MATTER OF VALDOVINOS

In Deportation Proceedings

A-21630640

*Decided by Board November 1, 1982*

(1) Pre-sentence confinement is credited in determining the date of release from custody under section 2900.5 of the California Penal Code and such pre-sentence confinement is counted in determining whether a respondent is a person of good moral character under section 101(f)(7) of the Immigration and Nationality Act, 8 U.S.C. 1101(f)(7).

(2) Where a respondent's confinement for 59 days for his first conviction is added to his incarceration for 132 days in a California minimum security penal institution as a result of his second conviction, he is precluded from establishing good moral character, and thus is statutorily ineligible for voluntary departure under section 244(e) of the Act, 8 U.S.C. 1254(e).

(3) Deportation from the United States is not considered punishment or a criminal process and, therefore, the constitutional protection against double jeopardy which is applicable in criminal proceedings is not applicable in deportation proceedings.

CHARGE:
Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection

ON BEHALF OF RESPONDENT:
Elizabeth Williams, Esquire
San Francisco Neighborhood Legal
Assistance Foundation
250 Columbus Avenue, Suite 200
San Francisco, California 94133

ON BEHALF OF SERVICE:
Ronald E. LeFevre
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated May 29, 1981, the immigration judge found the respondent deportable as charged and ordered him deported from the United States. The appeal will be dismissed.

The respondent is a native and citizen of Mexico, who admitted having last entered the United States in September of 1980 without inspection near San Ysidro, California (Tr. p. 3). Consequently, deportability under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), has been established by clear, convincing, and unequivocal evidence as required by *Woodby v. INS*, 385 U.S. 276 (1966), and 8 C.F.R. 242.14(a). The only issue on appeal is the immigration judge's denial of the respondent's application for voluntary departure in lieu of

343

deportation pursuant to section 244(e) of the Act, 8 U.S.C. 1254(e).

Section 244(e) requires that an applicant for voluntary departure establish that he has been a person of good moral character for at least 5 years immediately preceding the voluntary departure application. The immigration judge concluded that the respondent was precluded from establishing the requisite 5 years of good moral character by section 101(f)(7) of the Act, 8 U.S.C. 1101(f)(7), which states:

> (f) For the purposes of this Act—No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was—
>
> (7) one who during such period has been confined, as a result of conviction, to a penal institution for *an aggregate period of 180 days or more*, regardless of whether the offense, or offenses, for which he has been confined were committed within or without such period. (Emphasis supplied.)

It is undisputed that the respondent has two felony convictions for burglary in violation of section 459 of the California Penal Code, during the 5-year period immediately preceding the application for voluntary departure (Ex. 2, 3, 4). It is also undisputed that the second conviction on November 12, 1980, resulted in his being incarcerated for 132 days (Resp. brief pp. 4-5). The respondent also admits that he was arrested on May 22, 1980, when he was charged with his first violation of section 459 of the California Penal Code (Resp. brief p. 4). On June 12, 1980, he was convicted and on July 1, 1980, he was sentenced to one year in the county jail with all but 90 days suspended (Ex. 2). He was given credit for time already served since his arrest and was released from custody on July 18, 1980 (Resp. brief p. 4). Thus, the time of incarceration easily exceeds 180 days. He spent 59 days incarcerated for the first offense and 132 days incarcerated for the second offense.

However, the respondent contends that the 41 days he spent incarcerated prior to his first conviction should not count in estimating the amount of time he spent incarcerated for purposes of the section 101(f)(7) preclusion of good moral character. He asserts that since a criminal defendant is presumed innocent until proven guilty, the time spent incarcerated prior to his conviction should not count as confinement "as a result of a conviction," under section 101(f)(7) of the Act (Brief p. 10).

We disagree with the respondent's contention. He was convicted pursuant to the California Penal Code. Section 2900.5(a) of the California Penal Code (Appendix A) specifies that a criminal defendant is given credit for pre-conviction confinement when determining the date of his release from custody. See *People* v. *Helton*, 91 Cal. App. 3d 987, 154 Cal. Rptr. 482 (1979). Consequently, the time the respondent spent incarcerated prior to his July 1, 1980, conviction is considered time served as a result of his subsequent conviction under California law. In fact, pursuant to section 2900.5 the trial judge is prohibited from adjusting the

sentence upward to cancel out the credit for pre-sentence confinement. *In re Chamberlain*, 78 Cal. App. 3d 712, 144 Cal. Rptr. 326 (1978). Moreover, such pre-sentence confinement also results in the accruing of good behavior credit for early release from incarceration. *See People* v. *McMillan*, 110 Cal. App. 3d 682, 167 Cal. Rptr. 924 (1980). The record further indicates that this respondent was given such credit for time served and good behavior/work time accumulated prior to his July 1, 1980, sentencing (Ex. 3). Therefore, we find without merit his contention that the time he spent incarcerated prior to his July 1, 1980, sentencing should not be counted in determining the time he was incarcerated as a result of his first conviction.

The respondent also contends that the time he spent incarcerated after his second conviction should not count as time incarcerated in a penal institution because he was placed in the Men's Correctional Facility at La Honda, California, which is a minimum security area with a work furlough facility. This contention is clearly without merit since such a prison facility is clearly a penal institution. We also note that section 2900.5 of the California Penal Code does not draw any such distinctions when it lists such work camps among the penal institutions covered by that section.

Finally, the respondent challenges the constitutionality of the section 101(f)(7) preclusion of good moral character on two constitutional grounds. First, he claims that its effect constitutes double jeopardy since it imposes double punishment for the same offenses. That argument has been consistently rejected by the courts.[1] *See Le Tourneur* v. *INS*, 538 F.2d 1368 (9 Cir. 1976); *Oliver* v. *United States Dept. of Justice*, 517 F.2d 426 (2 Cir. 1975). Deportation from the United States has never been regarded as criminal punishment. *Bugajewitz* v. *Adams*, 228 U.S. 585 (1913); *Mahler* v. *Eby*, 264 U.S. 32 (1924). It is civil in nature and therefore the procedural safeguards prescribed for criminal cases are not applicable. *Carlson* v. *Landon*, 342 U.S. 524 (1952); *Bilokumsky* v. *Tod*, 263 U.S. 149 (1923); *Chavez-Raya* v. *INS*, 519 F.2d 397 (7 Cir. 1975).

Moreover, as the respondent concedes, claims as to the unconstitutionality of the statutes and regulations administered by this Board are outside the scope of our jurisdiction. *See* section 103 of the Act, 8 U.S.C. 1103; 8 C.F.R. 3.1; *Matter of Bogart*, 15 I&N Dec. 552 (BIA 1975, 1976; A.G. 1976); *Matter of Chery and Hasan*, 15 I&N Dec. 380 (BIA 1975); *Matter of Santana*, 13 I&N Dec. 362 (BIA 1969); *Matter of L-*, 4 I&N

---

[1] According to the respondent's position, all grounds of deportability for criminal aliens would entail double jeopardy since they would mete out double punishment for the same offenses. *See* sections 241(a)(4), (11), (14), (15), (16), (17), and (18), 8 U.S.C. 1251(a)(4), (11), (14), (15), (16), (17), and (18).

Dec. 556 (BIA 1951). Consequently, his last contention, that section 101(f)(7) is unconstitutionally overbroad, is outside of our jurisdiction to determine. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.

## APPENDIX A

### California Penal Code
### §2900.5 (1981)

Credit for time in custody prior to commencement of sentence

(a) In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including but not limited to any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution, all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, and including days credited to the period of confinement pursuant to Section 4019, shall be credited upon his term of imprisonment, or credited to any fine which may be imposed, at the rate of not less than thirty dollars ($30) per day, or more, in the discretion of the court imposing the sentence. If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served. In any case where the court has imposed both a prison or jail term of imprisonment and a fine, any days to be credited to the defendant shall first be applied to the term of imprisonment imposed, and thereafter such remaining days, if any, shall be applied to the fine.

(b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed.

(c) For the purposes of this section, "term of imprisonment" includes any period of imprisonment imposed as a condition of probation or otherwise ordered by a court in imposing or suspending the imposition of any sentence, and also includes any term of imprisonment, including any period of imprisonment prior to release on parole and any period of imprisonment and parole, prior to discharge, whether established or fixed by statute, by any court, or by any duly authorized administrative agency.

(d) It shall be the duty of the court imposing the sentence to determine the date *or dates* of *any* admission to * * * *and* release from cus-

tody prior to sentencing, and the total number of days to be credited pursuant to the provisions of this section. The total number of days to be credited shall be contained in the abstract of judgment provided for in Section 1213.

(e) *It shall be the duty of any agency to which a person is committed to apply the credit provided for in this section for the period between the date of sentencing and the date the person is delivered to such agency.*

(Added by Stats.1971, c. 1732, p. 3686, § 2. Amended by Stats. 1976, c. 1045, p. 4665, § 2; Stats.1978, c. 304, p. 632, § 1, urgency, eff. June 28, 1978; Stats.1980, c. 297, p. _____, § 1, urgency, eff. July 1, 1980.).