# In re Min SONG, Respondent

File A37 423 180 - Baltimore

*Decided as amended September 5, 2001[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

　　Where a criminal court vacated the 1-year prison sentence of an alien convicted of a theft offense and revised the sentence to 360 days of imprisonment, the alien does not have a conviction for an aggravated felony within the meaning of section 101(a)(43)(G) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(G) (Supp. V 1999).

FOR RESPONDENT: John T. Riely, Esquire, Bethesda, Maryland

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Linda A. Dominguez, Assistant District Counsel

BEFORE: Board Panel: GUENDELSBERGER, MILLER, and OHLSON, Board Members.

MILLER, Board Member:

　　The respondent appeals from the Immigration Judge's February 12, 1999, decision finding him removable as charged as an alien convicted of an aggravated felony under section 101(a)(43)(G) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(G) (Supp. V 1999), and ineligible for any relief from removal. The respondent's request for oral argument is denied. The appeal will be sustained, and these removal proceedings will be terminated.

　　The respondent is a native and citizen of Korea who was admitted to the United States as an immigrant in 1981, when he was almost 8 years old. The record reflects that the respondent admitted he was convicted on February 6, 1992, in the District Court of Maryland, Montgomery County, of a theft offense, for which he was sentenced to 1 year in prison.

　　On appeal, the respondent initially challenged the Immigration Judge's finding that he was ineligible for any relief from removal because he had been convicted of an "aggravated felony" within the meaning of the Act. In his brief on appeal, he presents new evidence relating to the reduction of his criminal sentence and requests termination of these proceedings, asserting that the theft offense of

---

[1] On our own motion, we amend the June 11, 2001, order in this case. The amended order makes editorial changes consistent with our designation of the case as a precedent.

which he was convicted no longer falls within the definition of an aggravated felony. In support of his request to terminate, he has submitted a copy of an order dated April 4, 1999, issued by the Circuit Court for Montgomery County, Maryland, which vacated nunc pro tunc the district court's February 2, 1992, sentence in the criminal case and ordered the sentence revised nunc pro tunc to 360 days, which was suspended. The Immigration and Naturalization Service has not indicated any objection to this evidence of the revision of the respondent's sentence.

Section 101(a)(43)(G) of the Act includes within the definition of an aggravated felony a theft offense "for which the term of imprisonment [is] at least one year." At the time of his hearing, the respondent admitted that he had been sentenced to a term of 1 year of incarceration for his offense. The Immigration Judge therefore found his conviction to be for an aggravated felony. The evidence submitted by the respondent on appeal, however, demonstrates that his sentence has been reduced to 360 days, so he now has a term of imprisonment of less than 1 year.

We previously found, in an analogous context, that where an alien was resentenced for a crime, the new sentence determined whether the alien received a "sentence to confinement for a year or more" and was therefore deportable under former section 241(a)(4) of the Act, 8 U.S.C. § 1251(a)(4) (1982). *Matter of Martin*, 18 I&N Dec. 226 (BIA 1982) (terminating deportation proceedings because the alien's sentence was modified to less than 1 year, rendering her not deportable). Our decision in *Matter of Roldan*, Interim Decision 3377 (BIA 1999), is not applicable here, because in that case we addressed only the definition of a "conviction" contained in section 101(a)(48)(A) of the Act, 8 U.S.C. § 1101(a)(48)(A) (Supp. V 1999), not the definition of a "term of imprisonment" set forth in section 101(a)(48)(B).

The removal proceedings will be terminated. The respondent has presented evidence that, although he was convicted of a theft offense, the "term of imprisonment" for that conviction has been revised to less than 1 year (360 days). Therefore, the offense no longer falls within the definition of an "aggravated felony" in section 101(a)(43)(G) of the Act, and the respondent is not removable as charged.

Accordingly, the appeal will be sustained, the Immigration Judge's decision will be vacated, and removal proceedings will be terminated.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The decision of the Immigration Judge is vacated, and removal proceedings are terminated.