PUBLISH

FILED
United States Court of Appeals
Tenth Circuit

# UNITED STATES COURT OF APPEALS

June 2, 2014

## FOR THE TENTH CIRCUIT

Elisabeth A. Shumaker
Clerk of Court

ENRIQUE GARCIA-MENDOZA,

Petitioner,

v.

No. 13-9531

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

-------------------------------------

AMERICAN IMMIGRATION
LAWYERS ASSOCIATION,

Amicus Curiae.

## PETITION FOR REVIEW OF DECISION OF
## THE BOARD OF IMMIGRATION APPEALS

Submitted on the briefs:[*]

Sandra Saltrese-Miller, Saltrese, Faville & DeSeguin, LLC, Denver, Colorado, Ingrid
J. DeFranco, Law Office of Ingrid J. DeFranco, Brighton, Colorado, and Ben
Winograd, Immigrant & Refugee Appellate Center, LLC, Alexandria, Virginia, for
Petitioner.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

Stuart F. Delery, Assistant Attorney General, Civil Division, Douglas E. Ginsburg, Assistant Director, Office of Immigration Litigation, and Julie S. Saltman, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

Maris J. Liss, Farmington Hills, Michigan, Aaron C. Hall, Aurora, Colorado, and Mark R. Barr, Denver, Colorado, filed an amicus brief on behalf of American Immigration Lawyers Association.

Before **BRISCOE**, Chief Judge, **PORFILIO** and **O'BRIEN**, Circuit Judges.

**BRISCOE**, Chief Judge.

Enrique Garcia-Mendoza petitions for review of the Board of Immigration Appeals' (BIA) decision upholding the Immigration Judge's (IJ) denial of his request for cancellation of removal. The agency determined that he was ineligible for such relief because he could not establish that he "ha[d] been a person of good moral character," 8 U.S.C. § 1229b(b)(1)(B), due to his confinement in a penal institution for more than 180 days, *see* 8 U.S.C. § 1101(f)(7). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

## I. *Background*

Petitioner is a native and citizen of Mexico. He was admitted in January 1996 as a temporary visitor for six months, but he remained in the United States beyond that time without authorization.

In 2010, he was arrested and charged with driving under the influence and leaving the scene of an accident. He could not afford bond and remained confined

during his pretrial criminal proceedings for a total of 104 days. He then entered a guilty plea and was sentenced to a term of 270 days with credit for time served. He was released in 2011, after he had been confined for a total of 197 days (104 served before his conviction and credited towards his term of imprisonment and 93 served after his conviction).

After he was released, the Department of Homeland Security (DHS) took him into custody and initiated removal proceedings. Petitioner conceded that he was removable for remaining in the United States beyond his authorized period of stay and applied for cancellation of removal. The IJ denied his request because petitioner had been confined for more than 180 days for his 2010 conviction and therefore he could not establish the requisite good moral character.

While petitioner's appeal of that decision was pending with the BIA, he filed a motion with the state trial court seeking to amend his sentence. In the motion, he alleged that his counsel failed to advise him of the immigration consequences of his sentence before he entered his guilty plea. He asked the court to resentence him to 166 days with no credit for time served, because this sentence "would satisfy the court's desire and the District Attorney's request to have Mr. Garcia-Mendoza *actually* serve a total of 270 days (a 9 month sentence), but the mittimus would be such that he would be able to avail himself to a defense before the United States Department of Justice." Admin. R. at 318 (emphasis in original). The state court granted the motion and issued a modified mittimus *nunc pro tunc* to the original

sentencing date.  We note the state trial court did not issue any substantive order addressing the allegations petitioner asserted in his motion regarding his counsel's advisements.

Petitioner then filed a motion for remand with the BIA based on the new evidence that his sentence was modified to 166 days.  The BIA granted the motion and remanded to the IJ for further proceedings.  On remand, the IJ again denied cancellation of removal, noting that the *nunc pro tunc* order modifying the sentence did not change the fact that petitioner had already been confined for more than 180 days as a result of his conviction.  The BIA upheld the IJ's decision.  Petitioner now seeks review of the BIA's decision.

## II.  *Analysis*

Under the Immigration and Nationality Act, nonpermanent residents, like petitioner, who apply for cancellation of removal must demonstrate that they have been persons of "good moral character" during the ten years immediately preceding the date of their application.  *See* 8 U.S.C. § 1229b(b)(1).  An applicant cannot establish "good moral character" if he has "been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more."  8 U.S.C. § 1101(f)(7).

The issue presented for review is whether the BIA correctly determined that petitioner is statutorily barred under § 1101(f)(7) from establishing good moral character and is therefore ineligible for cancellation of removal under § 1229b(b)(1).

- 4 -

Petitioner contends the BIA erred by failing to give full faith and credit to the state court's *nunc pro tunc* sentence modification. Petitioner also asserts that the BIA erred in counting his period of pretrial confinement in determining that he had been confined for 180 days or more as a result of his conviction.

We review legal questions de novo. *Ritonga v. Holder*, 633 F.3d 971, 974 (10th Cir. 2011). When reviewing the BIA's interpretation of immigration statutes, we follow the two-step test from *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984). *Tapia Garcia v. I.N.S.*, 237 F.3d 1216, 1220 (10th Cir. 2001). At the first step, we consider whether Congress has spoken to the question at issue. *Chevron*, 467 U.S. at 842. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id*. at 842-43. If the statute is ambiguous, we move to the second step to decide "whether the agency's answer is based on a permissible construction of the statute." *Id*. at 843.

A.

The BIA concluded that the state court's *nunc pro tunc* sentence modification had no impact on calculating the 180-day period of confinement for the good-moral-character provision in § 1101(f)(7) because petitioner "had actually already served a period of confinement in excess of 180 days as a result of a lawful conviction, prior to the Colorado sentencing judge's amendment of his sentence." Admin. R. at 5. In support of its conclusion, the BIA noted that the state court order

- 5 -

"did not vacate the actual conviction, or find that the conviction was unlawfully obtained or the sentence imposed in violation of the Constitution of the United States or the State of Colorado." *Id.* The BIA further found that "in light of the clear express language of section [1101(f)(7)], Congress intended to apply the actual period of confinement served by an alien pursuant to a then existing lawful sentence . . . rather than any *nunc pro tunc* modification of that sentence, in determining whether an alien meets the aggregate period of 180 days." Admin. R. at 5.

We agree with the BIA that the statutory language is clear on this issue, and therefore we need not proceed to the second *Chevron* step. *See Chevron*, 467 U.S. at 842-43. In § 1101(f)(7), Congress intended to bar aliens from establishing good moral character when an alien was "confined, as a result of [a] conviction," for 180 days or more. This language focuses on the actual period of confinement, and does not reference the ordered term of imprisonment. The inquiry under § 1101(f)(7) is fact-based, dependent on the actual period of confinement, and not dependent on the formal language of the court's sentencing order.

Section 1101(f)(7)'s use of the word "confined" distinguishes it from the cases petitioner relies on to support his position. Those cases involved the question of whether certain convictions for theft offenses qualified as aggravated felonies under 8 U.S.C. § 1101(a)(43)(G) after the state court issued a *nunc pro tunc* order reducing the aliens' sentences. *See In re Cota-Vargas*, 23 I. & N. Dec. 849, 851 (BIA 2005); *In re Song*, 23 I. & N. Dec. 173, 173-74 (BIA 2001). Section 1101(a)(43)(G) defines

- 6 -

aggravated felony to include a theft offense "for which the term of imprisonment [is] at least one year." *Id.* Because § 1101(a)(43)(G) looks to the ordered term of imprisonment, as opposed to the actual period of confinement served, the *nunc pro tunc* orders in those cases, which reduced the sentences for the relevant theft offenses to less than one year, caused the aliens' convictions to no longer fall within the statutory definition of an aggravated felony. *See Cota-Vargas*, 23 I. & N. Dec. at 852; *Song*, 23 I. & N. Dec. at 174.

Not surprisingly, in any statutory analysis we start with the language of the statute and if the key terms at issue vary, so will our analysis. That is the case here. The analysis therefore is different when applying a statute such as 8 U.S.C. § 1101(a)(43)(G) because there is no consideration of whether or for how long the alien was <u>actually confined</u> as a result of the sentence. For the purposes of that statute, the focus is solely on whether "the term of imprisonment" that has been ordered is for "at least one year." *See id.*; *see also* 8 U.S.C. § 1101(a)(48)(B) (defining "term of imprisonment" "to include the period of incarceration *ordered by a court of law* regardless of any suspension of the imposition or execution of that imprisonment" (emphasis added)); *Cota-Vargas*, 23 I. & N. Dec. at 852 (following § 1101(a)(48)(B)'s directive to consider only the ordered term of imprisonment in determining that *nunc pro tunc* sentence modification caused petitioner's theft offense to no longer qualify as an aggravated felony).

When considering § 1101(f)(7), however, it is the actual period of confinement served that is determinative, not the ordered term of imprisonment. *See id.* (barring applicant from establishing "good moral character" if he has "been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more"). As a result, the BIA's treatment of the *nunc pro tunc* order here did not run afoul of the full faith and credit clause because giving the order effect does not alter the fact that petitioner actually spent more than 180 days in jail as a result of his lawful conviction.[1]

### B.

The BIA next considered petitioner's argument that he does not fall within the purview of § 1101(f)(7) because his period of pretrial confinement does not constitute confinement as a result of a conviction. In rejecting this argument, the BIA relied on its earlier decision in *In re Valdovinos*, 18 I. & N. Dec. 343, 344-45 (BIA 1982), explaining that "the Board has found that the period of confinement prior to conviction should be included in computing the period of time for purposes of section [1101(f)(7)]." Admin. R. at 6.

The BIA also noted that, although the Tenth Circuit had not addressed the issue, the Ninth Circuit had "'concluded that pre-trial detention that is later credited

---

[1]    We note that petitioner's reliance on *In re Matter of H-*, 7 I. & N. Dec. 249, 250 (BIA 1956), is also misplaced because unlike in that case, petitioner has not been granted a pardon for his crime, nor has his conviction been expunged or vacated by the state court.

as time served as part of the sentence imposed counts as confinement as a result of a conviction within the meaning of [8 U.S.C.] § 1101(f)(7).'" Admin. R. at 6 (quoting *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008)). The BIA further cited to the Second Circuit's decision in *Spina v. Department of Homeland Security*, 470 F.3d 116, 127-28 (2d Cir. 2006), in which that court acknowledged the uniform practice of crediting the time spent by a defendant in pretrial detention as against the term of imprisonment imposed by the court upon conviction. As the *Spina* court explained, "[t]his unanimity is strong evidence of a common understanding that, after judgment, any credited pre-conviction detention effectively becomes time served on the imposed term of imprisonment." 470 F.3d at 127-28.

Petitioner contends that the statutory text is unambiguous and that no deference is owed to the BIA's interpretation. We disagree. We conclude that the phrase "as a result of conviction" is ambiguous, and we defer to the BIA's reasonable interpretation of the statute, which "relies on prior BIA precedent addressing the same question," *Efagene v. Holder*, 642 F.3d 918, 920 (10th Cir. 2011).

The statute's language "as a result of conviction," is ambiguous because it is subject to more than one interpretation. Petitioner interprets the statute to mean that the period of confinement can only count towards the 180 days if it is served *after* the judgment of conviction is entered. But the statute does not say, "confined, *after* a conviction." The BIA interprets "confined, as a result of conviction" to include an alien's pretrial confinement that is credited towards a later term of imprisonment

- 9 -

because it is "considered time served as a result of [an alien's] subsequent conviction." *Valdovinos*, 18 I. & N. Dec. at 344.

The BIA's interpretation is consistent with the uniform practice of crediting time served in pretrial confinement towards the ultimate sentence imposed after the conviction[2]; the time served in pretrial confinement thereby becomes part of the time served "as a result of conviction." Conversely, if the alien is not ultimately convicted, then the pretrial period of confinement would not count towards the 180-day period because it would not have occurred "as a result of conviction." Because the BIA's interpretation of the statute is reasonable, we defer to it. *See Tapia Garcia*, 237 F.3d at 1220.

### III. *Conclusion*

The BIA concluded that petitioner could not establish the requisite good moral character for cancellation of removal because he "had actually already served a lawful period of confinement in excess of 180 days as a result of a conviction," and the sentencing court's entry of a *nunc pro tunc* order at petitioner's request shortening the ordered sentence did not impact the calculation of petitioner's 180-day

---

[2]     *See Spina*, 470 F.3d at 127 ("[W]e note that the federal government, fifty states, and the District of Columbia provide by statute, rule, or court decision that time spent by a defendant in pre-conviction detention is to be treated as a day-for-day credit or reduction of the term of imprisonment imposed upon conviction."); *see also* Colo. Rev. Stat. § 18-1.3-405 (providing that pretrial confinement must be credited towards the sentence imposed after conviction); Colo. Rev. Stat. § 18-1.3-502 (providing that a person sentenced for a misdemeanor is entitled to the same time credits as a person sentenced for a felony).

confinement period.  Admin. R. at 7.  Because we see no reversible error in the BIA's decision, we deny the petition for review.  We grant petitioner's motion for leave to proceed on appeal without prepayment of costs or fees, however waiver of prepayment does not relieve petitioner from liability for all filing and docketing fees, which he is obligated to pay.