**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1822**

SISIRA KUMARA KUMARAGAMAGE DON, a/k/a Sisira Kumara, a/k/a Sisira Kumara Kumaragamage,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  July 28, 2021                                    Decided:  August 10, 2021

Before MOTZ, WYNN, and HARRIS, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Evan J. Law, GAYHEART & WILLIS, P.C., Culpeper, Virginia, for Petitioner.   Jeffrey Bossert Clark, Acting Assistant Attorney General, Anthony C. Payne, Assistant Director, Jeffery R. Leist, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sisira Kumara Kumaragamage Don, a native of Sri Lanka and a citizen of Australia, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's (IJ) decision ordering him removed from the United States. Don conceded that he is not a citizen or national of the United States, that he was admitted here with an E-3 visa, and that he overstayed his period of authorization. The IJ therefore found him removable as charged and ordered his removal.

Don challenges his removal order, claiming that the statute forming the basis for his removal, 8 U.S.C. § 1227(a)(1)(B), is impermissibly vague, rendering his Notice to Appear invalid. Upon review, we find this claim to be without merit. *Jordan v. De George*, 341 U.S. 223, 231 (1951). Next, Don claims he was authorized by 8 U.S.C. § 1202(g) to remain in this country temporarily after his visa expired. After reviewing the statute, we conclude that this claim is unavailing. Next, Don's claim that the Board violated his due process rights by failing to consider his void for vagueness claim is meritless, as the Board does not have authority to rule on the constitutionality of the statutes and regulations administered by the agency. *See Matter of Valdovinos*, 18 I. & N. Dec. 343, 345 (B.I.A. 1982). We therefore deny the petition for review in part. *See In re Kumaragamage Don* (B.I.A. July 10, 2020).

Finally, Don contends that the DHS's decision to initiate removal proceedings against him was improper and violated his due process rights. In support of this claim, Don cites the affidavit he submitted in support of his motion to stay, which is not part of the administrative record. For several reasons, we lack jurisdiction to consider this claim.

2

*See* 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the administrative record on which the order of removal is based"); 8 U.S.C. § 1252(d)(1) (a court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien); 8 U.S.C. § 1252(g) (no court shall have jurisdiction to hear any claim by an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders).

Accordingly, we deny in part and dismiss in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DENIED IN PART,*
*DISMISSED IN PART*