**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ESTEBAN TRONCOSO-OVIEDO,
*Petitioner*,

v.

MERRICK B. GARLAND, Attorney General,
*Respondent*.

No. 21-70547

Agency No.
A216-377-085

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 5, 2022
Portland, Oregon

Filed August 5, 2022

Before: Paul J. Watford, Ryan D. Nelson, and
Kenneth K. Lee, Circuit Judges.

Opinion by Judge R. Nelson

# SUMMARY*

## Immigration

Granting in part and denying in part Esteban Troncoso-Oviedo's petition for review of a decision of the Board of Immigration Appeals, and remanding, the panel held that: 1) pretrial detention that is not credited toward a defendant's sentence is not confinement "as a result of a conviction" for purposes of determining good moral character under 8 U.S.C. § 1101(f)(7); and 2) the agency properly concluded that petitioner waived his applications for alternative relief.

In 2018, an Arizona court convicted Troncoso-Oviedo of aggravated DUI, sentencing him to "[a] term of 4 calendar months . . . with a presentence credit for 183 day(s) (time served)." Before sentencing, he spent 183 days in pretrial detention. In later removal proceedings, the agency deemed Troncoso-Oviedo ineligible for cancellation of removal under 8 U.S.C. § 1101(f)(7), which bars a respondent from establishing good moral character if he "has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more." The parties agreed that Troncoso-Oviedo was confined for 183 days, but disagreed whether all 183 days were "as a result of conviction."

The government urged the panel to ignore the part of the sentencing order providing for a "term of 4 calendar months" and hold that the actual sentence was contained only in the

---

*This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

parenthetical: "(time served)."  The panel declined to adopt such a strained reading, explaining that the order unambiguously imposed a four-month (122-day) sentence, noted the time available for credit toward that sentence (or, in the event of a parole violation, later incarceration), and recognized that the credit allowed Troncoso-Oviedo to be released on the day he was sentenced.  The panel also rejected the government's contention that the panel should defer to the BIA's opinion in *Matter of Valdovinos*, 18 I. & N. Dec. 343 (BIA 1982), explaining that *Chevron* deference was not warranted because *Valdovinos* failed to address the question here.

Troncoso-Oviedo argued that the IJ violated due process by failing to question him directly about waiving his applications for asylum, withholding, and protection under the Convention Against Torture.  The panel concluded that Troncoso-Oviedo failed to establish a due process violation, explaining that he was represented by counsel, the IJ relied on counsel's statements to hold that the claims had been withdrawn, and the BIA properly affirmed.  Moreover, the panel explained that Troncoso-Oviedo did not contend that his counsel was ineffective or that the waiver was not knowing and voluntary.

**COUNSEL**

Hillary Walsh (argued), New Frontier Immigration Law, Phoenix, Arizona, for Petitioner.

A. Ashley Arthur (argued), Trial Attorney; Dawn S. Conrad, Senior Litigation Counsel; Brian M. Boynton, Principal Deputy Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C.; for Respondent.

**OPINION**

R. NELSON, Circuit Judge:

The question before us is whether pretrial detention that is not credited toward a defendant's sentence is confinement "as a result of conviction." *See* 8 U.S.C. § 1101(f)(7). We hold that it is not. We also hold that the agency properly relied on counsel's representations that the petitioner waived his applications for asylum, withholding, and protection under the Convention Against Torture.

I

Since illegally entering the United States in 2000, Esteban Troncoso-Oviedo has been convicted of four DUI offenses. Only one is relevant here. In 2018, an Arizona court convicted Troncoso-Oviedo of aggravated DUI. Before sentencing, he spent 183 days in pretrial detention. The state court sentenced Troncoso-Oviedo to "[a] term of 4 calendar months . . . with a presentence credit for 183 day(s) (time served)."

The Department of Homeland Security (DHS) initiated removal proceedings.  Troncoso-Oviedo applied for cancellation of removal but, through counsel, waived applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) because he believed he did not have "a viable claim under current law."  The agency deemed Troncoso-Oviedo ineligible for cancellation of removal under 8 U.S.C. § 1101(f)(7), which bars a respondent from establishing good moral character if he "has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more."  According to the BIA, Troncoso-Oviedo's "conviction and sentence . . . to 4 months of imprisonment with presentence credit for 183 days of time served precludes him from establishing good moral character."  The agency also concluded that he had waived his applications for alternative relief.

Troncoso-Oviedo now petitions this Court, arguing that he is not barred from cancellation of removal because his four-month (122-day) sentence does not meet the 180-day statutory bar.  He also contends that the Immigration Judge (IJ) violated due process when she allowed counsel to waive his claims for alternative relief without directly questioning him.

II

We review de novo questions of law, "except to the extent that deference is owed to the BIA's determination of [its] governing statutes and regulations."  *Aragon-Salazar v. Holder*, 769 F.3d 699, 703 (9th Cir. 2014).  We also review de novo whether the agency violated due process.  *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014).

## III

We first decide Troncoso-Oviedo's eligibility for cancellation of removal.  We then address whether the IJ violated due process by accepting counsel's statements about Troncoso-Oviedo's waiver of applications for alternative relief.

## A

To qualify for cancellation of removal under the Immigration and Nationality Act (INA), Troncoso-Oviedo must establish that he has been a person of good moral character during the relevant period.  8 U.S.C. § 1229b(b)(1).  He cannot do so if he "has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more."  *Id.* § 1101(f)(7).  His statutory eligibility therefore depends on whether he was "confined, as a result of conviction" for 180 days or more.  *Id.*

The parties agree that Troncoso-Oviedo was confined for 183 days.  But they disagree whether all 183 days are "as a result of conviction."  The government contends that they are, for two reasons.  First, it asserts that the Arizona court's sentence was equal to Troncoso-Oviedo's full pretrial detention.  If the sentence was less than 180 days, the government alternatively argues that we must defer to the BIA's opinion in *Matter of Valdovinos*, 18 I. & N. Dec. 343, 344 (BIA 1982), which states that "time [an alien] spent incarcerated prior to his . . . conviction is considered time served as a result of his subsequent conviction."

1

The Arizona court's sentencing order states that Troncoso-Oviedo "is sentenced to a term of imprisonment and is committed to the Department of Corrections/Arizona State Prison as follows: . . . [a] term of 4 calendar months . . . with a presentence credit for 183 day(s) (time served)." The government urges us to ignore "term of 4 calendar months" and instead hold that the actual sentence is contained only in the ending parenthetical: "(time served)." We decline to adopt such a strained reading. The sentencing order is not ambiguous. It imposes a four-month (122-day) sentence, notes the time available for credit toward that sentence (or, in the event of a parole violation, later incarceration), and recognizes that the credit allowed Troncoso-Oviedo to be released on the day he was sentenced.

2

Even so, the government contends that all 183 days count toward Troncoso-Oviedo's eligibility because *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), requires us to defer to the BIA's interpretation of the INA. In the government's view, this petition is controlled by *Valdovinos*, where the agency stated that "time [an alien] spent incarcerated prior to his . . . conviction is considered time served as a result of his subsequent conviction." 18 I. & N. Dec. at 344.

We defer to the BIA's interpretation of the INA "when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." *United States v. Mead Corp.*, 533 U.S. 218, 226–27 (2001). The BIA's interpretation must directly address the relevant question in

"a published decision (or an unpublished decision directly controlled by a published decision interpreting the same statute)." *Diaz-Quirazco v. Barr*, 931 F.3d 830, 838 (9th Cir. 2019) (quoting *Uppal v. Holder*, 605 F.3d 712, 714 (9th Cir. 2010)).

The respondent in *Valdovinos* spent 191 days incarcerated for two felony convictions. 18 I. & N. Dec. at 344. He argued that pretrial detention prior to his first conviction (but credited toward his sentence) did not count as confinement "as a result of conviction." *Id.* (quoting § 1101(f)(7)). The BIA disagreed, noting that the state court was required to give credit for pre-conviction confinement when determining a defendant's release from custody. *Id.* The agency held that "the time the respondent spent incarcerated prior to his . . . conviction is considered time served as a result of his subsequent conviction." *Id.* When summarizing its holdings, the agency explained that "[p]re-sentence confinement is credited in determining the date of release from custody under [state law] and such pre-sentence confinement is counted . . . under section [1]101(f)(7)." *Id.* at 343.

Because the respondent in *Valdovinos* was sentenced to more than 180 days' incarceration, the agency never addressed whether pretrial detention in excess of a defendant's sentence would be "as a result of conviction" under § 1101(f)(7). *Valdovinos* therefore fails to address the question here and *Chevron* deference is not warranted.

Nor have we directly addressed the question. In *Gomez-Lopez v. Ashcroft*, 393 F.3d 882 (9th Cir. 2005), we stated in dicta that § 1101(f)(7)'s "requirement that . . . confinement be as a result of a conviction precludes counting any time a person may have spent in pretrial detention." *Id.* at 886. We had no reason to consider whether pretrial detention later

credited toward a sentence would be counted. Three years later, we held more specifically that pretrial detention credited against a sentence is "confinement as a result of conviction" and that "pretrial detention cannot be counted as time served as a result of a conviction if not credited in the judgment of conviction as time served." *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232, 1233 (9th Cir. 2008). As we explained, "when courts sentence defendants in pre-conviction detention to 'time served,' it is generally understood that the pre-conviction custody thereby becomes the term of imprisonment imposed by the judgment." *Id.* at 1232 (quotation marks omitted) (quoting *Spina v. Dep't of Homeland Sec.*, 470 F.3d 116, 128 (2d Cir. 2006)).

Our holding today fills the gap between *Gomez-Lopez* and *Arreguin-Moreno*: Pretrial detention not credited toward a sentence is not "confinement, as a result of conviction" under § 1101(f)(7).

The government also points us to *Garcia-Mendoza v. Holder*, 753 F.3d 1165, 1169 (10th Cir. 2014). But *Garcia-Mendoza* is distinguishable. Garcia-Mendoza was sentenced to 270 days' imprisonment with 104 days credited for time served. *Id.* at 1167. He was released after serving 197 days (104 days before conviction and 93 days after conviction). *Id.* When the state court retroactively reduced his sentence to 166 days, Garcia-Mendoza argued that his reduced sentence meant that he had not been confined for 180 days "as a result of conviction." *Id.* at 1167–68. The Tenth Circuit disagreed, noting that "it is the actual period of confinement served that is determinative, not the ordered term of imprisonment." *Id.* at 1169. The court concluded that the phrase "as a result of conviction" is ambiguous as to whether it includes confinement "credited towards a later term of imprisonment" that was retroactively reduced, and

thus deferred to the BIA's decision in *Valdovinos*. *Id.* at 1170.

We need not opine on whether *Garcia-Mendoza* was rightly decided because it does not address the situation before us—Troncoso-Oviedo was never sentenced to more than 180 days. Instead, *Garcia-Mendoza* contemplates immigration consequences when a defendant has already served a disqualifying sentence and that sentence is retroactively reduced. 753 F.3d at 1167–68. Pretrial detention that is not credited toward a defendant's sentence is not "confinement, as a result of conviction" under § 1101(f)(7).

B

Troncoso-Oviedo also argues that the IJ violated due process by failing to question him directly about waiving his applications for alternative relief. During the immigration proceedings, Troncoso-Oviedo indicated that he would apply for cancellation of removal, asylum, withholding, and CAT protection. The IJ set a deadline for filing his applications and warned that the applications would be considered abandoned if not timely filed. When the deadline passed and Troncoso-Oviedo applied only for cancellation of removal, the IJ asked counsel whether he intended to apply for the remaining forms of relief. Counsel responded, "He's waiving that . . . . We have reviewed that, and that's not a viable claim under current law." Six months later, the IJ again asked about other forms of relief and counsel responded, "[W]e're not going to pursue that . . . . We can withdraw that with prejudice."

Of course, in some situations an IJ must directly question an applicant to confirm that he understands the legal consequences of his decisions. But those circumstances

typically involve an applicant who is proceeding pro se. *See, e.g.*, *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019); *United States v. Lopez-Velasquez*, 629 F.3d 894, 896–97 (9th Cir. 2010) (en banc). On the other hand, we typically allow IJs to rely on representations by counsel. *See United States v. Galicia-Gonzalez*, 997 F.2d 602, 603–04 (9th Cir. 1993) (per curiam). Troncoso-Oviedo was represented by counsel, who confirmed that the two had reviewed alternative relief and decided to waive those claims. The IJ relied on counsel's statements to hold that the claims had been withdrawn and the BIA properly affirmed. *See Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show "error and substantial prejudice" to establish due process violation). Moreover, Troncoso-Oviedo does not contend that his counsel was ineffective or that the waiver was not knowing and voluntary. He thus fails to establish a due process violation.

## IV

Troncoso-Oviedo's petition is granted as to his eligibility for cancellation of removal because the uncredited pretrial detention was not "confinement, as a result of conviction" under § 1101(f)(7). His petition is denied as to his due process challenge because the IJ properly relied on counsel's representations. The temporary stay of removal remains in place until issuance of the mandate. The motions for a stay of removal are otherwise denied.

**GRANTED IN PART AND DENIED IN PART; REMANDED.**