NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CLAUDIA VIOLETA CORTEZ-BARRERA; MEILING VIOLETA PEREZ-CORTEZ; JOSE LEONARDO PEREZ-CORTEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-840 <br><br> Agency Nos. <br> A215-584-645 <br> A215-584-646 <br> A215-584-647 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 11, 2023
San Francisco, California

Before: MURGUIA, Chief Judge, FRIEDLAND and BENNETT, Circuit
Judges.

Claudia Cortez-Barrera, a native and citizen of Guatemala, petitions for

review of an order of the Board of Immigration Appeals ("BIA") upholding a

denial by the Immigration Judge ("IJ") of her application for asylum,

withholding of removal, and relief under the Convention Against Torture

("CAT"). Her two minor children, Meiling and Jose Perez-Cortez, are included

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

in her application as derivatives.  We deny the petition.

1.      Cortez argues that her due process rights were violated because the IJ failed to inform her of the availability of pre-conclusion voluntary departure under 8 U.S.C. § 1229c, as required by 8 C.F.R. § 1240.11(a)(2).  *See United States v. Valdez-Novoa*, 780 F.3d 906, 913-14 (9th Cir. 2015) (holding that an IJ must inform applicants in removal proceedings of any forms of immigration relief, including voluntary departure, for which they are "apparently eligible").  But Cortez affirmatively waived any right to be informed of her apparent eligibility for other forms of relief when she waived a "formal reading and explanation and formal advisal of rights" at her hearing before the IJ.  And Cortez, who was represented by counsel in her removal proceedings, does not argue that this waiver was not "considered and intelligent."  *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 757 (9th Cir. 2015) (quoting *United States v. Gomez*, 757 F.3d 885, 893 (9th Cir. 2014)); *see also Troncoso-Oviedo v. Garland*, 43 F.4th 936, 942 (9th Cir. 2022) (holding that the IJ did not violate the petitioner's due process rights when relying on his counsel's representations regarding a waiver of claims where the petitioner did "not contend that his counsel was ineffective or that the waiver was not knowing and voluntary").

2.      Cortez next argues that the agency erred in denying her asylum and withholding of removal.  But the agency's conclusion that the gang targeting her for extortion was motivated by general criminality and a desire to extract money rather than by her membership in the particular social group ("PSG") of

2

"adult female member[s] of the Cortez-Barrera family" is supported by substantial evidence. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that the "desire to be free from . . . random violence by gang members bears no nexus to a protected ground"). Cortez has provided no family-related reason why the gang would have sought to harm her and has instead stated her belief that it targeted her because it knew she had money as a businessowner.

Cortez contends that, regardless of the initial reason for the threats, she and her children are now—after Cortez failed to meet the gang's demands— being targeted because of their familial relation to one another. But substantial evidence supports the conclusion that all of the threats are part of an ongoing extortion event with the same original motivation. In any event, even if the past extortion attempt could be viewed as triggering some kind of new motivation, the new motivation would not be family-based with respect to Cortez. Although the gang may intend to harm Cortez's *children* because of their familial relation to her, the motivation for targeting *Cortez* would be only personal retribution, which cannot support a family-based PSG. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1145 (9th Cir. 2021) (distinguishing between "'animus' [towards one's family] (providing nexus) and 'purely personal retribution' (no nexus)"). And in analyzing nexus, we look to the harm suffered by the lead petitioner, not the derivative applicants. *See Ochave v. INS*, 254 F.3d 859, 864 (9th Cir. 2001).

Further, despite Cortez's argument that the IJ applied the wrong nexus

standard for withholding of removal, the IJ's finding of "no nexus" between the persecution and any protected ground supports the denial of both asylum and withholding of removal under their respective standards. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

3.     Cortez lastly argues that the agency erred in focusing on the torture element, as opposed to looking at all of the factors under 8 C.F.R. § 1208.16(c)(3)(i)-(iv), when denying her relief under CAT. But Cortez does not point to any evidence that the IJ failed to consider. The IJ here noted that the IJ had considered "[a]ll documentary and testimonial evidence . . . whether or not specifically mentioned," and the regulation does not require that the IJ's decision "discuss every piece of evidence." *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006).

**PETITION DENIED.**