**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID REGALADO-RAMIREZ,

   Petitioner,

 v.

MERRICK B. GARLAND, Attorney
General,

   Respondent.

No. 22-1268

Agency No.
A206-081-773

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2023**
Phoenix, Arizona

Before: GOULD, HURWITZ, and BUMATAY, Circuit Judges.

 David Regalado-Ramirez, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals ("BIA") decision dismissing his appeal from a

decision by an immigration judge ("IJ") denying an application for cancellation of

---

  *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal but granting voluntary departure. We deny the petition in part and dismiss it in part.

1. The only issue raised before the BIA and in the petition for review was whether the IJ erred in denying a motion for continuance. Regalado claims that this decision both denied him due process and was an abuse of discretion. To the extent that Regalado simply contends that the denial of the motion was an abuse of discretion, we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i), which prevents us from reviewing "any judgment regarding" cancellation of removal. *See Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022). However, under 8 U.S.C. § 1252(a)(2)(D), we retain jurisdiction over "constitutional claims or questions of law." We therefore have jurisdiction to review Regalado's due process claim and do so de novo. *See Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010).

2. Regalado claims that the IJ's advancement of a merits hearing and the subsequent denial of a motion to continue that hearing denied him due process. Even assuming that Regalado exhausted this claim, we find no constitutional infirmity in the agency proceedings. "Deportation proceedings violate due process if the alien does not receive a 'full and fair' hearing and suffers prejudice as a result." *Perez-Lastor v. INS*, 208 F.3d 773, 777 (9th Cir. 2000). "Prejudice occurs when the rights of the alien have been transgressed in such a way as is likely to impact the results of the proceedings." *Jacinto v. INS*, 208 F.3d 725, 728 (9th Cir. 2000).

22-1268

a.  Regalado claims that the withdrawal of his application for asylum, withholding of removal, and Convention Against Torture relief "may not have been considered and intelligent" and that he "had no opportunity to understand why he was ineligible for" relief other than voluntary departure.  But we "typically allow IJs to rely on representations by counsel."  *Troncoso-Oviedo v. Garland*, 43 F.4th 936, 942 (9th Cir. 2022).  Regalado "was represented by counsel, who confirmed that the two had reviewed alternative relief and decided to waive those claims."  *Id.*  The IJ had adjourned the merits hearing to allow Regalado to confer with his attorney, and, after the hearing resumed, the attorney confirmed that she "had ample opportunity to consult with [her] client," Regalado "understands what's going on in his case," and he only "is seeking post-conclusion voluntary departure."

b.  More importantly, Regalado failed to establish that the granting of a continuance would likely "impact the results of the proceedings."  *Jacinto v. INS*, 208 F.3d at 728.  Although "[t]he standard does not demand absolute certainty," *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1077 (9th Cir. 2005), a petitioner at least "must present plausible scenarios in which the outcome of the proceedings would have been different."  *Tamayo-Tamayo v. Holder*, 725 F.3d 950, 954 (9th Cir. 2013) (cleaned up).  Regalado does not claim that he should have been granted any form of relief other than voluntary departure, which he received.  *See De la Cruz v. INS*, 951 F.2d 226, 229 (9th Cir. 1991).

22-1268

**PETITION DENIED IN PART AND DISMISSED IN PART.**