**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLISON ITZAYANA OCHOA-GIRON, | No. 24-1930 |
| Petitioner, | Agency No. A220-688-652 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025[**]
San Francisco, California

Before: McKEOWN, FORREST, and SANCHEZ, Circuit Judges.

Allison Itzayana Ochoa-Giron, a native and citizen of Guatemala, petitions

the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's

("IJ") decision denying her and her minor child's applications for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). Ochoa-Giron is the lead applicant, and her minor daughter is a derivative applicant on her asylum request. Because the parties are familiar with the facts, we need not recount them here.

We have jurisdiction under 8 U.S.C. § 1252. Our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted. *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2021). We review legal conclusions de novo and factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Due process challenges are reviewed de novo. *Troncoso-Oviedo v. Garland*, 43 F.4th 936, 939 (9th Cir. 2022). We grant the petition and remand for a new hearing.

Ochoa-Giron contends that the IJ's refusal to take administrative notice of the 2020 Guatemalan country conditions report and exclusion of the late-filed 2021 report violated her right to due process. "If an IJ's actions prevent the introduction of 'significant testimony,' that generally violates due process." *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021) (quoting *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1056–57 (9th Cir. 2005)). Moreover, this court has explained that "it is an IJ's duty to develop the record fully and fairly." *Kaur v. Ashcroft*, 388 F.3d 734, 737 (9th Cir. 2004) (citation omitted). "The BIA's decision will be reversed on due process grounds if (1) the proceeding was so

fundamentally unfair that the [noncitizen] was prevented from reasonably presenting [her] case, and (2) the [noncitizen] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotation marks and citation omitted).

The agency's repeated refusal to allow Ochoa-Giron to present country conditions evidence prevented her from reasonably presenting her case because the reports would have bolstered her claim that the Guatemalan government was unwilling or unable to protect her. The exclusion of "corroborating evidence" for which "there was no substitute" violates due process. *Kaur*, 388 F.3d at 737; *see also Lopez-Umanzor*, 405 F.3d at 1057 (refusal to hear expert testimony violated due process, despite facially neutral reasons for exclusion, because testimony would have bolstered credibility on contested points). The reports could have helped establish that, in Guatemala, "[v]iolence against women, including sexual and domestic violence, remained widespread and serious," and "[p]olice had minimal training or capacity to investigate sexual crimes or assist survivors of such crimes, and the government did not enforce the law [regarding rape and domestic violence] effectively."

Ochoa-Giron has also demonstrated prejudice. She need only demonstrate that "the outcome of the proceeding *may* have been affected by the alleged

violation." *Flores-Rodriguez*, 8 F.4th at 1113 (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). The agency's denial of Ochoa-Giron's claims for relief rested on her failure to establish either that the Guatemalan government was unable or unwilling to protect her, or that she would likely experience torture with government acquiescence. At the merits hearing, the IJ specifically noted the absence of "country condition articles . . . showing . . . the government's ability or willingness to protect" victims of domestic violence as part of Ochoa-Giron's failure to carry her burden. Ochoa-Giron has identified information in the country conditions reports that would have bolstered her arguments on this prong. Consequently, the reports' exclusion may have affected the outcome.

Because Ochoa-Giron's right to due process was violated, we grant the petition for review and remand for a new hearing. *See, e.g.*, *Kaur*, 388 F.3d at 738. We need not reach the remaining grounds raised in her petition.

**PETITION GRANTED AND REMANDED.**