NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ANTONIO SANCHEZ-GUZMAN,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3081

Agency No.
A087-998-693

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2025**
El Centro, California

Before: TALLMAN and OWENS, Circuit Judges, and MONTENEGRO, District
Judge.***

Jose Antonio Sanchez-Guzman, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") decision upholding the

Immigration Judge's ("IJ") decision denying Sanchez-Guzman's applications for

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).
*** The Honorable Ruth Bermudez Montenegro, United States District
Judge for the Southern District of California, sitting by designation.

asylum, withholding of removal, and Convention Against Torture ("CAT") relief, as well as the BIA's decision not to remand the case to the IJ to consider cancellation of removal. As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

"Where the BIA writes its own decision, . . . we review the BIA's decision . . . ." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). We review questions of law *de novo* and review the agency's factual findings for substantial evidence. *See id.* at 1076. "We review the BIA's denial of a motion to . . . remand for abuse of discretion." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).

1.      Regarding Sanchez-Guzman's application for asylum or withholding of removal, the IJ was not persuaded by Sanchez-Guzman's assertion that the Salvadoran government was unwilling or unable to protect him from the private actors he feared. The BIA found that Sanchez-Guzman failed to challenge, and therefore waived review of, this dispositive finding of fact by the IJ. We agree. In his Notice of Appeal to the BIA, Sanchez-Guzman claimed that the Salvadoran police will not protect him, but he did not make any similar claim in his appellate brief to the BIA. The BIA was not required to consider issues raised in the Notice of Appeal but not raised in the appellate brief. *See Abebe v. Mukasey*, 554 F.3d 1203, 1207–08 (9th Cir. 2009). Sanchez-Guzman also forfeited judicial review of this issue by not raising it in his Opening Brief before us. *See Hernandez v. Garland*,

47 F.4th 908, 916 (9th Cir. 2022).

2.    Similarly, the IJ found that Sanchez-Guzman failed to show that he was entitled to CAT relief. On appeal, the BIA found that Sanchez-Guzman did not adequately challenge the IJ's decision denying him CAT relief and deemed this issue waived. We agree. Sanchez-Guzman also forfeited judicial review of this issue by not addressing it in his Opening Brief. *See id.*

3.    The BIA also did not abuse its discretion in denying Sanchez-Guzman's request to remand the case to the IJ to consider cancellation of removal. First, the BIA found that Sanchez-Guzman's counsel informed the IJ that Sanchez-Guzman was not eligible for cancellation of removal. We agree. Sanchez-Guzman's counsel told the IJ that he was going apply for cancellation of removal but believed Sanchez-Guzman's DUIs "[took] him out him out of that category." The IJ was permitted to rely on this representation. *See Troncoso-Oviedo v. Garland*, 43 F.4th 936, 942 (9th Cir. 2022).

Second, the BIA found that, to the extent Sanchez-Guzman was asserting an ineffective assistance of counsel claim because his counsel failed to file an application for cancellation of removal, Sanchez-Guzman did not comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). We agree. Strict compliance with *Lozada* was required because "it is . . . not a due process violation under the Fifth Amendment for immigration counsel to decline to

raise claims or arguments that counsel determines lack merit." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 802 (9th Cir. 2022); *see also Castillo-Perez v. INS*, 212 F.3d 518, 525–26 (9th Cir. 2000) (finding strict compliance with *Lozada* is excused when the record shows obvious ineffectiveness). Sanchez-Guzman also forfeited any issue pertaining to his compliance with *Lozada* by not addressing it in his Opening Brief. *See Hernandez*, 47 F.4th at 916.

The BIA found that Sanchez-Guzman had not established prejudice or prima facie eligibility for cancellation of removal. We also agree. While Sanchez-Guzman asserted in his BIA appellate brief that he had 10 years of continuous residence in the United States and was married to a United States citizen, he did not address the remaining requirements for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1).

Finally, Sanchez-Guzman's history of alien smuggling also renders him ineligible for cancellation of removal. *See Sanchez v. Holder*, 560 F.3d 1028, 1032 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**[1]

---

[1] Sanchez-Guzman's Request for Stay of Deportation (Dkt. Entry 3.1) is also **DENIED** effective upon issuance of the mandate from this Court.